SOPHRONIA CASTLEMAN ET AL. V. T. J. POUTON.

1. CALLS OF A SURVEY—BOUNDARIES.—Where the testimony shows as a fact that the surveyor established a corner upon the ground, but, by mistake or otherwise, called for a survey not there, but which would be reached by prolonging the line farther: *Held.* That the line and corner established in fact, control the erroneous call for the survey.

2. SAME.—The locality of such corner is a mixed question of law and fact, in determining which, both the rules of law and the evidence as to the footsteps of the surveyor are to be considered.

3. SURVEYS.—The court will not presume that a surveyor did not actually run the lines of his surveys, in the absence of testimony.

APPEAL from Gonzales.   Tried below before the Hon. Everett Lewis.

This was an action of trespass, brought by T. J. Pouton, to try title for the land described in the petition.   The defendants pleaded not guilty.   The cause was submitted to the court without a jury, and a judgment was rendered for the plaintiff for the land claimed, and defendants appealed.

Plaintiff claimed title under a patent from the government to John B. Chenault, assignee of Alexander Williams, dated June 20, 1873, and by transfers under Chenault, and to himself.   The land described in the patent is bounded on the west by the east line of the Hope league, and on the east by the west line of the Ryan survey.

The defendants claimed title by virtue of a patent from the government to R. H. Tobin, assignee of James Murphy, for eight hundred and eight and one-half acres of land, dated June 9, 1859, and a patent from the government to the heirs of James H. Ryan for four hundred and twenty-one acres of land, dated May 15, 1859.

The field-notes in the Ryan patent call for the east line of the Hope league as its western boundary and the west line of the Murphy survey as its eastern boundary.   The north and south lines of the Ryan survey are the extension west

of the corresponding lines of the Murphy survey to the Hope survey.

R. H. Tobin owned the Ryan certificate when located, and the defendants held by deeds under Tobin, duly recorded, of date prior to the plaintiff's location.

It appeared that E. M. Stein, county surveyor, under an order of court, had made a survey of the land in controversy, to ascertain if there was any vacancy between the east line of the Hope survey and the west line of the Ryan survey. Stein began his survey of the Ryan tract at its northeast corner, and running the proper course and distance, found the southeast corner. Both corners were marked as called for in the Ryan patent. The line between these corners was well marked and defined. He identified these corners and the line, as called for, upon the ground. He then ran the south line of the Ryan survey in the course called in the patent, and, at the end of the distance called in the patent, found it several hundred varas to the east line of the Hope survey. On this line, at the distance called, Stein hunted for the southwest corner and for the west line; and very near that point he found two trees marked as corner trees, and then a marked line in the direction called for the west line of the Ryan survey. These marks on said line stopped in about one hundred yards. There was no evidence of any continuation of this line. The marks on the two bearing trees and on these line trees were apparently of the same age as the marks on the east line.

The land patented to Chenault lies between the point thus reached and the east line of the Hope survey. The Chenault survey lacked eighty varas of taking all the land between the Hope survey and the corner and line found at the distance called for in the Ryan survey.

Defendants proved, by J. J. Young, that about the time the survey was made for Chenault, he notified the surveyor, J. S. Neeley, who made the survey, that there was no vacant land between the east line of the Hope league and the west

line of the Ryan survey; that the north and south lines of
the Ryan survey extended to the Hope league, and offered
to point them out to him, and also told him that defendants
had bought and paid for the land; that defendants bought
the land from Tobin, he acting as their agent, and paid for
it in good faith, believing the survey extended to the Hope
league, as the lines showed and the patent called for.

*Miller & Sayers*, for appellant.

I. The only reason why the junior patent could have set
aside the older patent, was that there was an excess in the
quantity of land called for in the older.   This, of itself, was
not sufficient.   (White *v.* Burnley, 20 How., 247; Elliot *v.*
Mitchell, 28 Tex., 105; 2 Black, 509.)

If the patent could be vacated for excess of land, it could
only be done by the government by due course of law; that
is, by a direct suit for that purpose.   (Owens *v.* Rani's Lessee,
5 Hayw., (Tenn.,) 106; Swift *v.* Herrera, 9 Tex., 263; Han-
cock *v.* McKinney, 7 Tex., 384.)

II. If the excess was a sufficient reason for setting aside
the older patent in favor of the junior, yet it does not appear
that, taking the two surveys—the Murphy and the Ryan—
together, there was any excess.

The evidence shows two tracts of land located under the
two certificates.   How could it be held that any fraud was
practiced or wrong done, if, taking both surveys together,
there was no excess in the quantity of land called for ?

III. It appears that the patent to the Ryan survey called
for all the land sued for, and that the defendants had, in
good faith, bought and paid for the land without notice
of any excess, and were entitled to protection as innocent
purchasers.   (Story's Eq., sec. 1002; 7 Tex., 372.)

The evidence shows the lines plainly run and marked to
the Hope league, and these lines and calls extended in the
patent must control the survey and not the quantity of land.
(44 Tex., 638; 30 Tex., 257; 3 Peters, 96.)

IV. We assume, that as the plaintiff had constructive notice by the record of the defendants' titles, and his vendors had both actual and constructive notice, he could claim no equitable title from the court. (Eliot v. Whitaker, 30 Tex., 412; McCulloch v. Renn, 28 Tex., 796.)

If taking a deed from an individual with notice that he had previously conveyed the same lands avoids the new, why will not taking a patent from the government under the same circumstances avoid the patent?

*Harwood & Winston,* for appellees.

I. The location of a survey is to be determined by the lines as actually run upon the ground. Nor is this rule varied by the fact that a call is made to run to the line of an older survey, if that line was never in fact reached, but the surveyor stopped at a point which was mistaken for it. (Burnett v. Burriss, 39 Tex., 501.)

II. The calls in a grant which control in determining the true location of a survey, is a question of fact, to be decided by court or jury in the light of all the surrounding circumstances, whenever a discrepancy is shown to exist. (Booth v. Upshur, 26 Tex., 64; Booth v. Strippleman, 26 Tex., 436; Browning v. Atkinson, 37 Tex., 659; Phillips v. Ayres, 45 Tex., 601.)

III. The party setting up an outstanding claim must show satisfactorily that it embraces the land in controversy. (Phillips v. Ayres, 45 Tex., 601.)

IV. Under a well-established rule of this court, where the evidence is conflicting, the judgment will not be disturbed as to a finding upon the facts.

GOULD, ASSOCIATE JUSTICE.—There was evidence of corners and a partly-marked line corresponding with the calls in the Ryan patent, other than the calls for the Hope survey. From this evidence, as well as from the great discrepancy between the distance called for and the distance required to reach the

Hope survey, the court below, passing (instead of a jury) on the facts, appears to have concluded that the surveyor, in making the Ryan survey, mistook this partly-marked line for the eastern line of the Hope survey. The question was not purely one of law, to be decided according to the precedence to be given to the different calls, but was a mixed question of law and fact, in determining which, both the rules of law and the evidence as to the footsteps of the surveyor were to be considered. (Booth *v.* Upshur, 26 Tex., 71; Booth *v.* Strippleman, 26 Tex., 441; Burnett *v.* Burriss, 39 Tex., 502; Browning *v.* Atkinson, 37 Tex., 659; Jones *v.* Burgett, 46 Tex., 292.)

In view of the difficulty of believing that in measuring a line of eight hundred and eight varas a surveyor could commit a mistake of about six hundred varas, so as to enlarge a survey intended to embrace but four hundred and twenty-one acres to over seven hundred acres, and of the facility with which a marked line parallel to the east line of the Hope survey might be mistaken for that east line, we are of opinion that the additional evidence was sufficient to support the judgment treating the calls for course and distance as, under the surrounding circumstances, the controlling calls.

It may be that the western lines of the Ryan survey were never actually run out; but it cannot be assumed that the surveyor thus failed to do his duty; nor, if that assumption could be entertained, would it change our opinion as to the proper disposition of the case.

The judgment establishes that there was no conflict between the two grants; and that fact being established, there was no other question in the case.

The judgment is affirmed.

AFFIRMED.