| 67 | 513 |
| 83 | 563 |

---

## No. 2315.

### J. C. WOOTTERS *v.* W. T. HALL ET AL.

1. DISCLAIMER—ESTOPPEL.—A judgment in trespass to try title rendered in defendant's favor for costs, based on his disclaimer filed in the cause, estops him from asserting title against those claiming through the plain-tiff or his heirs, unless he claims by virtue of some right acquired after the judgment.

2. DISCLAIMER.—A disclaimer filed in trespass to try title admits the plain-tiff's title to the land and considered alone in connection with the peti-tion, entitles the plaintiff to a judgment for the land and the defendant to a judgment for costs. If, however, the plaintiff shows that the de-fendant was in possession when the suit was brought, the defendant will not be entitled to his costs.

3. SUPERIOR TITLE.—A judgment in trespass to try title was rendered for the defendant, reciting that "the plaintiff had failed to make out his case," in a subsequent proceeding between those claiming under the defendant and those claiming under the heirs of plaintiff, *held*, that the former had the superior title.

APPEAL from Houston.  Tried below before the Hon. Anson Rainey.

*Nunn & Denny*, for appellant.

No brief on file for appellees.

STAYTON, ASSOCIATE JUSTICE.  This is an action of trespass to try title, brought by J. C. Wootters against W. T. Hall and S. C. Arledge, to recover a labor of land originally granted to William Sherman.  W. T. Hall claims one hundred and thirty-seven acres of the land through a verbal gift from his father, Robert Hall, claimed to have been made in 1867, since which he has made valuable improvements on the land.  He also claims title through an adverse possession for ten years.

The defendant Arledge claims forty acres of the land through a conveyance from Robert Hall, made January 23, 1882, which was not filed for record until May 3, 1883.  The plaintiff claims under a conveyance made by William Sherman to J. H. Kercheffer, made November, 1838, and under a conveyance made to him by the heirs of Kercheffer, on March 8, 1882.  He also claims under a conveyance made to him on March 8, 1882, by Robert Hall.  He is shown to be a purchaser for valuable consideration paid without notice of any claim by the defendant Arledge. How Robert Hall derived title does not appear.

In 1874 the heirs of Kercheffer brought an action against Robert Hall, the defendant W. T. Hall, and J. H. Burnett to recover the labor.  The two latter disclaimed, and in 1879 a judgment was rendered in favor of the defendant Robert Hall, reciting that the plaintiffs failed to make out their case, and in favor of W. T. Hall and J. H. Burnett for costs, based on the fact that they had filed disclaimers.  This action was brought September 17, 1886, and it appears that W. T. Hall has been in possession of the land claimed by him since some time in the year 1867.

The appellant paid Robert Hall for the land eight hundred and eighty-five dollars, of which two hundred and sixty-five dollars was paid in money, and the residue was credited on a debt due

from Hall. The charge of the court was such as to induce the jury to believe that they were at liberty, under the evidence, which was in no way conflicting, to find that the consideration paid was not such as would entitle the appellant to protection as an innocent purchaser if he bought without notice of the conveyance from Robert Hall to the defendant Arledge. We think this was error, for there was no evidence from which the jury could have found that the appellant did not pay such consideration as would sustain, as against the defendant Arledge, his claim to be an innocent purchaser if he had no notice of the conveyance to Arledge.

There is no evidence tending to show that the appellant had any notice that Robert Hall had conveyed to Arledge, and in so far the verdict in favor of Arledge is without any evidence to support it, and should have been set aside.

The jury were instructed as to the facts which would make the verbal gift to W. T. Hall valid, and in that immediate connection they were instructed if they found these facts to exist, to find for the defendant Hall; but in a subsequent part of the charge the jury were instructed as follows: "You are further instructed that the effect of the judgment rendered by the district court of Houston county on September 19, 1879, in the case of Catherine Kercheffer et al. v. Robert Hall et al., vested the title to the land in controversy in Robert Hall, and the defendant Hall is restricted in his claim to said land to such rights as may have accrued to him since the rendition of said judgment, and you will consider the former portions of these instructions with this." The evidence does not tend to show that Robert Hall gave the land to W. T. Hall after the rendition of the judgment in his favor against the heirs of Kercheffer, nor would it have been possible for ten years to have elapsed between that judgment and the institution of this suit; and from this it follows, had the jury regarded the charge of the court, that the verdict should have been against the defendant Hall.

As between persons claiming under the heirs of Kercheffer and persons claiming through Robert Hall, through conveyance made since September 19, 1879, it must be held that Robert Hall had the superior title to the land at that date. The plaintiff holds whatever title Robert Hall had at that time, so far as the record shows. It therefore only remains to consider the effect of the disclaimer filed by W. T. Hall in the former action in connection with the judgment which he took in that case. A disclaimer admits the

title of the plaintiff to the land, which, nothing further appearing, would entitle the plaintiff to a judgment for it, and the defendant to a judgment for costs. A plaintiff, however, may assert that the defendant was in possession of or claiming the land when the action was brought, and if this be found in his favor, the defendant will not be entitled to his costs.

The judgment in the former action determines that W. T. Hall neither had adverse possession of the land nor asserted title to it pending the former action; for he took judgment on his disclaimer for costs, which he could not have done had he been asserting an adverse claim or possession. Having taken such a judgment on his disclaimer, he is now estopped from setting up title against one claiming through the heirs of Kercheffer, unless he can show that he has acquired title since the former action was decided.

It would seem, had he not taken judgment for costs on his disclaimer, that its entry of record would estop him from asserting title against the plaintiff. (Prescott v. Hutchinson, 13 Mass., 443.) If the disclaimer was in any way qualified, it does not appear.

As the case is presented, the plaintiff was entitled to a judgment for that part of the land claimed by the defendant Hall; he not showing that he acquired title from Robert Hall since the former judgment was rendered, at such time and under such circumstances as to make it superior to that acquired by the plaintiff from Robert Hall.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered March 18, 1887.