## No. 2306.

### L. J. DODGE ET AL. v. AMOS RICHARDSON ET AL.

1. DISCLAIMER—TRESPASS TO TRY TITLE.—When in trespass to try title the defendant disclaims as to all the land sued for except a part which he designates by metes and bounds, as to which he pleads not guilty, and on the trial it is shown that the deed under which the plaintiff claims all the land is a forgery, the disclaimer constitutes an estoppel of record, and the plaintiff will be entitled as against such defendants to a judgment for the land to which the disclaimer applies, and the defendants to a judgment for the land claimed by them.

APPEAL from Jasper. Tried below before the Hon. William H. Ford.

*W. W. Blake* and *L. Norvell,* for appellants.

*T. W. Ford,* for appellees.

COLLARD, JUDGE. Plaintiffs (appellants) sued in trespass to try title to recover of defendants the south half of the John D. Johnson league. Defendants disclaimed all the land sued for except such part thereof as might upon survey be included in the tracts claimed by them, which were described in their answers by metes and bounds. As to the land claimed they pleaded not guilty, and one of the defendants, Amos Richardson, filed affidavit impeaching as a forgery the deed from John D. Johnson to E. O. Legrand, dated the fourth day of November, 1844, under which plaintiffs deraigned title. The trial judge found as a fact that the deed was a forgery and rendered a general judgment that plaintiffs take nothing by this suit and that defendants go hence without day and recover their costs. The plaintiffs complain that by such judgment a recovery was decreed in favor of defendants for all the land sued for whether embraced in their field notes or not.

After the disclaimer there was no issue between the parties as to the land disclaimed. The disclaimer conceded the title to such part to be in plaintiffs, and there was nothing to try as to that. The effect of the disclaimer was to limit the right of

recovery by the defendants to the land claimed by them. It was an estoppel of record binding upon them. (Jordan v. Stevens, 55 Missouri, 161.) The proper form of the judgment, after the court concluded that the deed of Johnson to Legrand was forgery, should have been that the defendants recover the land claimed by them by metes and bounds, and that plaintiffs recover the remainder of the south half of the league sued for and described in the petition. Plaintiffs were entitled to such a recovery so as to have a writ of possession against defendants in case they or either of them were in possession of the land disclaimed without the necessity of a second suit for possession. Plaintiffs should have called the attention of the court to the informality of the judgment; had they done so, doubtless the court would have entered the judgment in from and saved the necessity of this appeal. It is true the judgment would be construed by the pleadings so far as defendants were concerned, and so construed, the recovery by defendants would not include any part of the land disclaimed; but plaintiffs as against defendants, were entitled to recover the land disclaimed and a writ of possession so as to obviate the necessity of another suit to dispossess defendants of any of the disclaimed land that they might be in possession of.

The court upon sufficient evidence found the deed was a forgery. We see no reason why we should disturb the finding. We therefore conclude the court below should have given judgment for defendants for the land respectively claimed by them and described in their answers, and in favor of plaintiffs for the residue of the land sued for and described in the petition; and finding the plaintiffs could have had the judgment so entered by applying to the lower court, without appeal, they, the plaintiffs, should pay the costs of this appeal and of the lower court. The judgment should be reformed and rendered in accordance with the above conclusions.