### W. G. BUSK v. EUGENE MANGHUM.

Decided November 11, 1896.

**1. Charge—Boundary—Disclaimer.**

See charge, in suit of trespass to try title when defendant disclaimed as to part of the land, held not calculated to confuse the right to recover the part disclaimed with the right to recover the whole land, if the issues were decided in plaintiff's favor.

**2. Homestead on Vacant Land—Charge.**

See charge as to right of defendant to acquire vacant public land as homestead, held not erroneous for failure to explain what was meant by "vacant land."

**3. Boundary—Survey—Calls—Intention of Surveyor—Actual Survey.**

A surveyor marked and called for a beginning corner of a location, identified by a stone mound, and also called for the corner of a previous survey at such beginning point, such corner of the previous survey being in fact 401 varas south of the stone mound. The intervening strip was located by a homestead claimant as vacant public domain. In a suit for this strip by the owner of such survey against the homestead claimant,—Held:

(1) That the jury were properly instructed that if the corner actually established was 401 varas north of the corner of the previous survey called for, the defendant—the homestead claimant—could recover.

(2) Testimony by the surveyor who made the location that, when he made out his field notes, he disregarded the corner so made and intended to call for the beginning at the true corner of the previous survey was immaterial. It was not a question of what he intended but of what he did.

(3) The stone mound actually made by the surveyor in locating the survey, and not the corner of the previous survey called for, controlled and determined the beginning point and south line of the survey.

(4) The intervening strip was vacant, and was lawfully acquired by the homestead settler.

(5) It seems that, under an instruction to find for the plaintiff if the surveyor intended to begin his call to locate the survey at the corner of the previous survey, a verdict for defendant was a finding that he did not intend to locate it contrary to his actual survey.

(6) The court, having charged that the burden was on defendant to prove that the land was vacant at the time of his file, properly refused a requested instruction that the burden was on defendant to show that the surveyor was mistaken in his call for the corner of the previous survey.

(7) A verdict for defendant was supported by the testimony and was correct.

**4. Disclaimer.**

Where, in trespass to try title, defendant disclaimed as to part of the land and claimed and had verdict for part, it was not necessary that the jury should find for plaintiff the land disclaimed, though directed by the charge to do so, and plaintiff could not complain of such omission in the verdict where judgment was rendered in his favor for the part disclaimed.

**5. Purchaser Pendente Lite—Judgment.**

Where defendant sold the land in controversy the purchasers were bound by the judgment and needed not to be made parties and, defendant recovering, the judgment was properly rendered in his favor.

APPEAL from the District Court of Coleman County. Tried below before Hon. J. O. WOODWARD.

*J. P. Ledbetter*, for appellant.—Under the pleadings, the law and the facts in this case, plaintiff was entitled to a clear and unqualified charge instructing the jury that if they believed from the evidence that the 160 acres claimed by defendant was within the boundaries of survey number 91, they should return a verdict for plaintiff for all the land in controversy. Busk v. Manghum, 27 S. W. Rep., 893; Hudson v. Morriss, 55 Texas, 595; Williams v. Conger, 49 Texas, 583; Ponton v. Ballard, 24 Texas, 619.

The term "vacant land" used in this charge, meaning in the common acceptation of the term, titled land not occupied by some one living on it, as well as unappropriated public domain, the court should have defined in which sense the term was used, and what constituted vacant, unappropriated public land; and the failure of the court to so define the term "vacant land" was error, and calculated to confuse and mislead the jury. Rev. Stats., art. 1317; Hurt v. Cooper, 63 Texas, 362; Kaufman v. Wicks, 62 Texas, 234; Redus v. Burnett, 59 Texas, 576.

The court erred in its charge to the jury that "if from the evidence you believe that the witness R. S. Bowen, in locating Survey Number 91 intended and began his call to locate said survey number 91, and located said survey number 91 by beginning at the northwest corner of Survey Number 11, you will return a verdict for the plaintiff, W. G. Busk." The evidence being positive and undisputed that R. S. Bowen, the locator of Survey Number 91, did intend and did begin his call to locate said number 91, and did so begin, it was error for the court to submit these facts to the jury as an issue in the case.

When the marked or unmarked corner of lines of adjacent surveys is called for in the field notes of a survey, and such corner or lines so called for can be located and determined by the calls in said adjacent surveys, then such corner or lines of adjacent surveys will prevail over course and distance, and such marked or unmarked corner or lines should be the basis upon which to construct the survey. Maddox v. Fenner, 79 Texas, 279; Ware v. McQuinn, 7 Texas Civ. App., 109; Ratliff v. Burleson, 7 Texas Civ. App., 624; Langermann v. Nichols, 32 S. W. Rep., 124.

If a survey calls for the corners and lines of another survey, a party who asserts that there was a mistake in so calling has the burden to show by a preponderance of evidence that the call for such corner and lines was in fact a mistake. Freeman v. Mahoney, 57 Texas, 622.

The court erred in not instructing the jury to return a verdict for plaintiff for all the land in controversy in this suit, under the law and evidence in this case. Maddox v. Fenner, 79 Texas, 279; Ware v. McQuinn, 7 Texas Civ. App., 109 and 624; Langermann v. Nichols, 32 S. W. Rep., 124; Freeman v. Mahoney, 57 Texas, 622.

The court erred in refusing to grant plaintiff a new trial upon the ground that the verdict in this case failed to dispose of all the issues raised by the pleadings and the charge of the court. Moore v. Moore,

67 Texas, 295; Longcope v. Bruce, 44 Texas, 436; Railway v. Hathaway, 75 Texas, 558.

The verdict herein not being responsive to the issue submitted to the jury by the court's charge, the court erred in not calling their attention thereto, and in not sending them back for further deliberation, and erred in receiving said defective verdict. Rev. Stats., art. 1327; Kerr v. Hutchins, 46 Texas, 390.

On the jury ignoring said charge, the court should have set aside their verdict and granted plaintiff a new trial. Anderson v. Stamps, 19 Texas, 465; Woods v. Robinson, 58 Texas, 661; Baker v. Light, 80 Texas, 633; Stanlee v. Burkitt, 78 Texas, 616.

Where a jury has intervened, their verdict must constitute the basis of the judgment, and the judgment must be framed in conformity to the verdict alone. Claiborne v. Tanner, 18 Texas, 78; Akin v. Jefferson, 65 Texas, 141; Anderson v. Webb, 44 Texas, 147.

Where a defendant specially pleads his title, in trespass to try title, he must recover, if at all, upon the title so plead. Railway v. Whitaker, 68 Texas, 633; Rivers v. Foote, 11 Texas, 662; Shields v. Hunt, 45 Texas, 424; Custard v. Musgrove, 47 Texas, 217.

*T. J. White*, for appellee,.—The court erred in permitting the witness Bowen to testify, over appellee's objection, that in calling for survey number 91, to begin at a stone mound on top of hill the northwest corner of number 11, Waco Mfg. Co., he intended survey number 91 to begin at the true northwest corner of said survey number 11. Witness should state all he did and not what he intended.

The court erred in permitting Bowen to testify that in locating and surveying number 91, he intended to cover and include in said survey number 91 all the vacant land situated north of Waco Mfg. Co. numbers 11, 12, and south of surveys numbers 86 and 87.

The court erred in not excluding, on motion of appellee, all the evidence of the witness R. S. Bowen as to what he intended, and as to what he intended to do. That he intended the southwest corner of number 91 and the northwest corner of number 11, to be the same or beginning corner. Witness must state what he did and not what he intended. Land Co. v. Thompson, 17 S. W. Rep., 920; Busk v. Manghum, 27 S. W. Rep., 893.

This case depending on the true southwest corner of Survey Number 91, the defendant being in possession of the 160 acres claimed by him, and disclaiming as to all the balance, the burden of proof was on the plaintiff to establish the true southwest corner of Survey Number 91.

When a surveyor or locator establishes an initial point on the ground itself, and from this point the survey is made, the party is bound by the survey as made. Land Co. v. Thompson, 17 S. W. Rep., 920.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought December 1, 1892, by appellant, W. G. Busk, against appellee, Eugene Manghum,

in form of trespass to try title, to recover Coleman County School Land Survey No. 91, containing, by its field notes, about 1291½ acres of land.

February 10, 1893, appellee (defendant below) filed his first amended answer, disclaiming title to all the land except one hundred and sixty acres on the south side, general demurrer, plea of not guilty, and special plea claiming one hundred and sixty acres of land by virtue of his homestead location, file, survey, occupation, etc., made November 5, 1891.

Plaintiff filed a supplemental petition, marked "Filed February 10, 1891," demurring to defendant's answer filed February 10, 1893, and general denial of "the allegations contained in defendant's first amended original petition."

September 7, 1895, verdict and judgment were rendered for defendant for the one hundred and sixty acres of land claimed by him, and for plaintiff for all the land sued for by him except the one hundred and sixty acres recovered by defendant. Plaintiff has appealed.

*Conclusions of Fact.*—Plaintiff proved that he was the owner of the Survey No. 91, Coleman County School Land, by patent to the county and conveyances to him.

The patent and subsequent conveyances to plaintiff call to begin "at a stone mound on top of hill, the northwest corner of survey No. 11, on the east line of Samuel Wilson Survey No. 753; thence east with north lines of surveys Nos. 11 and 12, Waco Mfg. Co., 2323 vrs. to stone mound."

The field notes of Survey No. 11 call for its northwest corner at a stake, "from which a live oak 7 inches in dia. brs. North 7 E. 103 varas," and run thence east 1738 varas, for its north line, to another stake without bearings.

A certified map of Coleman County shows that the north line of the Waco Mfg. Co. Survey No. 11 is identical with the south line of the plaintiff's Survey No. 91.

The patent of Survey No. 91 was issued July 28, 1879. The Waco Mfg. Co. Survey No. 11 was surveyed July, 1874. The survey of one hundred and sixty acres claimed by defendant was made March 8, 1892, and it was agreed that he had made his entry and file on the same, had complied with the requirements of the homestead donation laws as to formal acts, and that the one hundred and sixty acres was inside plaintiff's pasture of about two thousand acres at the time of entry; that defendant continued to live on the same for about two years, when he sold to Hale and one White after this suit was brought. White sold his part to Hale, who, with his family, lived on it up to the time of trial.

Defendant's claim was that there was a vacancy between the south boundary line of Survey No. 91 and the north boundary line of Survey No. 11, and the field notes of his survey, which is four hundred and one varas wide, call for Survey No. 91 as on the north and Survey No. 11 as on the south.

Plaintiff's contention was that there was no vacancy between the two surveys, that his land extended south to the north line of No. 11, and that defendant's survey was wholly on his Survey No. 91.

There is no question in the evidence that the south line of defend ant's survey of one hundred and sixty acres is identical with the north line of Nos. 11 and 12, the north line of No 12 being an extension of the same line of No. 11 eastwardly. If there is no vacancy between Surveys Nos. 91 and 11, defendant's one hundred and sixty acres is altogether on plaintiff's patented Survey No. 91. If there is a vacancy covered by defendant's survey, it is south of plaintiff's survey and north of Survey No. 11.

The testimony was sufficient to sustain the contention of defendant, the verdict and judgment in that respect.

The evidence is sufficient to support the verdict that the county surveyor, R. S. Bowen, who made the original survey of No. 91, in locating the same, commenced four. hundred and one varas north of the north line of No. 11, supposing that he was at its true northwest corner, and made the survey running the first line east from the beginning point. He called for a stone mound on the top of a hill for the northwest corner of No. 11, and thence ran east, with its north line and the north line of No. 12, 2323 varas to a stone mound. He made these stone mounds, but the evidence shows that they are four hundred and one varas north of the north lines of Nos. 11 and 12. Thus it is seen that there was a vacant strip of four hundred and one varas wide, which is covered by defendant's location.

*Opinion.*—The court instructed the jury, "You are instructed first to find in favor of plaintiff for all the land sued for in his petition except the 160 acres claimed by defendant, the defendant having filed his disclaimer to the other portion of said land. You are therefore instructed that if you believe from the evidence that the land in controversy was within the limits of Survey No. 91, you will find for the plaintiff, W. G. Busk."

Appellant contends that the charge should have directed the jury to return a verdict for plaintiff for "all the land in controversy" in case they should find the one hundred and sixty acres claimed by defendant was within the boundaries of Survey No. 91, and that, without this qualification, the two paragraphs of the charge were calculated to confuse and did confuse and mislead the jury. We think the charge is not objectionable upon the grounds assigned.

Appellant assigns as erroneous the following paragraph of the court's charge: "But if you believe from the evidence that the defendant, Eugene Manghum, on the 30th day of October, 1891, had actually settled upon the land claimed by him in his answer and as alleged in his answer, for the purpose and intention of procuring the same as a homestead for himself and family, believing the same to be vacant land, and has continuously occupied said land as his homestead since said 30th of

October, 1891, and if you further believe from the evidence that the land in controversy was at the time (to-wit, on the 30th day of October, 1891,) vacant land, then the defendant is entitled to recover the land claimed by him in his answer, and should you so find you will return a verdict for the defendant, Eugene Manghum." The objection urged to the charge is that the court should have explained to the jury what was meant by "vacant land." This objection is not well taken. The jury doubtless understood the charge as it was given. The only objections we can see that might have been made to the charge are not assigned.

There was no error in the fourth paragraph of the court's charge, to the effect that if it was found that R. S. Bowen located and surveyed No. 91, and that he actually established and located the southwest corner of the same four hundred and one varas north of the northwest corner of Survey No. 11, defendant should recover the land in controversy. The charge submitted the vital question in the case to the jury, and it was fairly and properly done.

The testimony shows that these corners were made and the line run by Bowen when he made the original survey, but he says that when he made out his field notes he disregarded the corners so made and intended to call for beginning at the true northwest corner of Survey No. 11. This would be immaterial. It is not a question of what he intended by the call, but what he actually did. He does not say, and it is not shown, that he made any survey but that made while locating the land, and that survey, as made on the ground, places it four hundred and one varas north of Survey No. 11, determined by stone mounds thrown up there at the time by him.

The northwest corner of survey No. 11 is not identified in the original field notes by a stone mound, but by a live oak bearing tree. The stone mound now at this corner was made by J. A. McElrath and Judge Bramlette, Chief Clerk of the General Land Office, after Bowen located Survey No. 91. The witness McElrath, after showing where he and Judge Bramlette found the northwest corner of the Simeon Garcia survey, says: "Continuing on north from N. W. corner of the Simeon Garcia survey at 52 varas, branch, at 414 varas, old stone mound, at 950 varas, with 22 varas thrown in, on rough hill, we made a stone mound and adopted same for N. W. corner of Waco Mfg. Co. No. 11, and 212 varas E. of another stone mound made by C. Freidenhouse for the N. W. corner of Waco Mfg. Co. N. 11; continuing on north in all 1351 vrs. from the N. W. corner of Simeon Garcia Survey No. 359 to a stone mound known as the Bowen stone mound, supposed to be made at the time he located the Coleman County school land survey No. 91." The last stone mound mentioned in the foregoing testimony is shown by other testimony to be the mound erected by Bowen. In another part of his testimony he speaks of the stone mound at the true N. W. corner of Survey No. 11 as "stone mound made by Bramlette and

myself," and when it is mentioned in the testimony of witnesses it is called the McElrath and Bramlette stone mound.

The corners and the line actually made by the surveyor in locating the Survey No. 91 must control. His call for the northwest corner of Survey No. 11 and its north line was a mistake, and those calls must yield to the survey actually made on the ground. Oliver v. Mahoney, 61 Texas, 612. The line and corner established in fact control an erroneous call for another survey. Castleman v. Pouton, 51 Texas, 84. Actual surveys must prevail over the intention of the surveyor. in case of conflict. Bolton v. Lann, 16 Texas, 112, 113; George v. Thomas, 16 Texas, 75. The court's sixth division of its charge is in accord with the foregoing, and is correct.

We do not find any part of the court's charge subject to objections made to it, nor do we find that it was error to refuse charges asked by plaintiff. The assignments by appellant in respect thereto are overruled.

The court instructed the jury, substantially, that if Bowen intended to begin his call to locate Survey No. 91 at the northwest corner of No. 11, they should return a verdict for plaintiff. It seems from the verdict, in view of this charge, that the jury did not believe that he so intended to locate the survey, at least contrary to his actual survey.

The court instructed the jury that the burden of proof was upon the defendant to prove by a preponderance of evidence that the land in controversy was vacant land at the time of his file on the same and that it was not included in the boundaries of Survey No. 91. This charge was all that plaintiff could demand in his favor as to the burden of proof, and it was not error to refuse a charge asked by plaintiff that the burden of proof was upon defendant to show that the surveyor was mistaken in the call for the northwest corner of Survey No. 11.

The verdict is supported by the testimony, and is correct.

The court did not err in failing to instruct the jury to return a verdict for plaintiff for all the land in controversy. Upon defendant's filing a disclaimer the court might have rendered judgment for plaintiff for the land disclaimed. It was not necessary that the jury should find upon the subject. The court did render judgment for plaintiff for the land disclaimed, and plaintiff can not complain that the verdict did not specially find the fact, though submitted by the court in the charge. Wootters v. Hall, 67 Texas, 513. The verdict reads: "We, the jury, find verdict for the defendant, Eugene Manghum, for 160 acres of land claimed by him in his answer." The verdict decided the only issue necessary, and authorized judgment for defendant for the one hundred and sixty acres of land claimed by him.

There was no error in also rendering judgment for plaintiff for the residue of the land disclaimed.

At the time of the trial defendant was not the owner of .the land, having sold it after suit was brought. It was proper that the litigation proceed after the sale by the vendor in his name, the sale having been

made pending the suit.   The purchasers lis pendens need not have been made parties to the suit.   They would have been bound by the judgment had it gone against him, and they were entitled to the benefit of one in his favor.   It was proper, as was done, to proceed to judgment between the litigants as before the sale.   Lee v. Salinas, 15 Texas, 497; Randall v. Snyder, 64 Texas, 353; Hair v. Wood, 58 Texas, 78 and authorities cited; Paxton v. Meyer, 67 Texas, 98; Dwyer v. Rippetoe, 72 Texas, 520; Wolf v. Butler, 81 Texas, 92.

We find no error in the judgment of the lower court, and it is affirmed.

*Affirmed.*