SMITH v. WOOD. (No. 2383.)

(Court of Civil Appeals of Texas. Texarkana. March 3, 1921.)

1. Adverse possession ⬅️19—Occupants who did not cultivate or use land did not acquire title by inclosure.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5675, though defendant and those under whom he claimed cleared and fenced land involved in trespass to try title, and had continuous peaceable, adverse, and uninterrupted possession thereof for more than ten years before suit was commenced, unless they either cultivated, used, or enjoyed it during such time, they did not acquire title by ten years' limitations.

2. Judgment ⬅️736—Judgment operated as estoppel of record against party who had acquired title by adverse possession.

If ten years' possession of land involved in trespass to try title was accompanied by cultivation, use, or enjoyment of the land so as to vest the title thereto in defendant's vendor before judgment in suit adverse to him on disclaimer was rendered, such judgment operated as an estoppel of record against him and those claiming under him to assert the title he had so acquired.

3. Adverse possession ⬅️50—Disclaimer filed in suit by occupant broke continuity of possession.

If ten years' possession of land involved in trespass to try title was not completed when the occupant disclaimed title in another suit, such disclaimer operated to break the continuity of his adverse possession, and he never acquired title to the land by force of the ten-year statute, as the ten years would have to be computed from the date of filing disclaimer; ten years from such date not having in fact elapsed when the present suit was commenced.

4. Trespass to try title ⬅️34, 47(2)—Disclaimer by defendant entitles plaintiff to judgment for part affected; judgment for plaintiff operates as estoppel.

In trespass to try title, in the absence of a reason why in equity it should not have such effect, an unqualified disclaimer by defendant of a part of the land sued for entitles plaintiff to judgment for the part to which the disclaimer applies, and when judgment is rendered in favor of plaintiff for such part, it operates as an estoppel against defendant to assert any right he may have had to such part, a rule which has application where one of two parties who join as plaintiffs each suing for a separate and described part of a tract disclaims any claim of right to the part the other sues for, and judgment is rendered for each for the part for which he sues.

5. Trespass to try title ⬅️34—That suit was friendly no reason why effect should not be given disclaimer of one plaintiff.

The fact that suit in trespass to try title by two plaintiffs suing for different tracts was a friendly one is no reason why effect should not be given by way of estoppel to disclaimer therein by one plaintiff of the tract claimed by the other.

6. Trespass to try title ⬅️34—Disclaimer held not insufficient.

In trespass to try title, defendant's plea setting up the ten-year statute of limitations, showing that while defendant disclaimed title to any of the lands sued for of which he was not in possession he asserted he was in possession of all of it, *held* not insufficient as containing a disclaimer as to part of the land sued for and not sufficiently describing the part to which the disclaimer did not apply.

Appeal from District Court, Van Zandt County; Joel R. Bond, Judge.

Trespass to try title by J. D. Smith against Grover Wood. From judgment for defendant, plaintiff appeals. Reversed, and cause remanded for new trial.

According to the allegations in his petition filed August 4, 1919, appellant's suit against appellee was to try the title to 101½ acres of the John Glover survey in Van Zandt county; but as tried it was to recover 15 of the 101½ acres, which appellee claimed to own by force of the statute of limitations of ten years. The trial was to the

court without a jury, and he found the facts to be that the 101½ acres was the north half of a tract of 203¾ acres; that in 1885 the 203¾ acres was divided into two moieties, and that the north half thereof was conveyed to E. V. Hall, under whom appellant claimed title, and the south half to Frank Gerisky, under whom appellee claimed, and that Hall and Gerisky, respectively, then took possession of the part conveyed to him and held at the time of the trial by his grantee; that more than ten years before the suit was commenced appellee and those under whom he claimed title cleared and fenced the 15 acres, and thereafter had "continuous, peaceable, adverse, and uninterrupted" possession thereof, claiming same as their own; that on August 9, 1913, Gerisky and Hall joined each other as plaintiffs in a suit against unknown defendant to remove cloud from the 203¾ acres; that the suit was a friendly one; that the petition of Hall and Gerisky in that suit contained a statement as follows:

"These plaintiffs make known to the court that they disclaim any title to or interest in the remaining part of the said John Glover survey other than the respective interest of these several plaintiffs, which is hereinbefore specifically described."

That in said petition the land Gerisky claimed was described by metes and bounds not including the 15 acres in controversy, and the land Hall claimed was described by metes and bounds including said 15 acres; that in that suit there was no controversy between Hall and Gerisky as to the ownership of the 15 acres; that on August 23, 1913, judgment was rendered in said suit quieting the title of Hall and Gerisky to the parts respectively claimed by them as against the defendants therein; that said judgment "did not disturb the possession of either party to the land then held by them," and that such possession was never afterwards disturbed until this suit was commenced by appellant; and that the line between the north and south portions of the 203¾ acres "as now indicated," quoting, "by the fence dividing the two tracts constitutes the south boundary line of plaintiff's tract and the north boundary line of the defendant Wood's tract."

On these findings the trial court concluded as a matter of law that appellant was entitled to recover all of the north half of the 203¾ acres except the 15 acres in controversy, and that appellee was entitled to recover the 15 acres by force of the ten years' statute of limitations. As explanatory of his conclusion the trial court stated that the suit of Hall and Gerisky against unknown parties was a friendly one, did not involve "the title or possession" of the 15 acres, and therefore that the disclaimer therein did not prevent the running of the statute of limita-

tions. He also concluded that appellant's south boundary line and appellee's north boundary line had been "established by long acquiescence of all parties interested." On the findings made and conclusions reached by him the trial court rendered judgment in appellee's favor for the 15 acres, whereupon appellant prosecuted this appeal.

Stanford & Sanders, of Canton, for appellant.

Wynne & Wynne, of Kaufman, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] While the trial court found that appellee and those under whom he claimed cleared and fenced the 15 acres and had "continuous, peaceable, adverse, and uninterrupted possession" thereof for more than ten years before this suit was commenced, he did not find that they either cultivated, used, or enjoyed it during that time. Therefore the finding cannot be said to have been a sufficient support for his conclusion that appellee acquired title to the 15 acres by force of the ten years' statute of limitations. Vernon's Stat. art. 5675; Dunn v. Taylor, 102 Tex. 80, 113 S. W. 265; McDonald v. McCrabb, 47 Tex. Civ. App. 259, 105 S. W. 238; Buster v. Warren, 35 Tex. Civ. App. 644, 80 S. W. 1063; Niday v. Cochran, 42 Tex. Civ. App. 292, 93 S. W. 1027.

[2, 3] It is not clear whether said court meant by said finding that the ten years' possession was completed before the disclaimer was filed by Gerisky in the suit he and Hall commenced against defendants in August, 1913, or before judgment was rendered in that suit, or after judgment therein was rendered. If the ten years' possession was accompanied by cultivation, use, or enjoyment of the land so as to vest the title thereto in appellee's vendor, Gerisky, before the judgment in that suit was rendered, then that judgment operated as an estoppel of record against Gerisky and those claiming under him to assert the title he had so acquired. 21 C. J. 1063 et seq. If the ten years' possession was not complete when the disclaimer by Gerisky of a claim of title to the 15 acres was filed in that suit, then the disclaimer operated to break the continuity of his adverse possession, and he never acquired title to the 15 acres by force of the ten years' statute; for the ten years would have to be computed from the date of the filing of the disclaimer, and ten years from that date had not elapsed at the time this suit was commenced.

[4] It is an established rule in trespass to try title that, in the absence of a reason why in equity it should not have that effect, an unqualified disclaimer by a defendant of a part of the land sued for entitled the plaintiff to judgment for the part to which the disclaimer applies, and when judgment

is rendered in favor of the plaintiff for such part it operates as an estoppel against the defendant to assert any right he may have had to such part. Wootters v. Hall, 67 Tex. 513, 3 S. W. 725; Dodge v. Richardson, 70 Tex. 209, 8 S. W. 30; Johnson v. Schumacher, 72 Tex. 334, 12 S. W. 207; Willburn v. Tow, 23 S. W. 854; Busk v. Manghum, 14 Tex. Civ. App. 621, 37 S. W. 459; Easterwood v. Dunn, 19 Tex. Civ. App. 320, 47 S. W. 285; Herring v. Swain, 84 Tex. 523, 19 S. W. 774; Scanlan v. Hitchler, 19 Tex. Civ. App. 689, 48 S. W. 762.

We see no reason why the rule should not be applied where, as here, one of two parties who join as plaintiffs, each suing for a separate and described part of a tract, disclaims any claim of right to the part the other sues for and judgment is rendered in favor of each for the part for which he sues.

There is ample authority for saying that the filing of such a disclaimer by one of such plaintiffs in possession of land the other claims to own, without reference to whether judgment was rendered on such disclaimer or not, would be an acknowledgment that his possession was not adverse to the right of the other plaintiff who claimed to own it, and would break the continuity of the adverse possession indispensable to the vesting of title by force of the statute of limitations. Collins v. Megason, 228 S. W. 583, decided by this court January 27, 1921, and authorities there cited. To hold that a person in possession of another's land could by such a disclaimer induce the owner to believe such possession was not adverse to him, and for that reason to forbear taking steps necessary to recover it until the bar of the statute operated to deny him a right to do so would be to countenance fraud, a thing the law will not do.

[5] For anything to the contrary appearing in the record, the conclusion of the trial court that appellee had acquired title to the 15 acres by force of the ten years' statute of limitations, notwithstanding the disclaimer and judgment in the suit referred to, was based entirely on his finding that the suit was a friendly one in which no issue was made as to the title and right of possession to said 15 acres; for there is nothing in the record suggesting that but for that finding effect would not have been given to the judgment or disclaimer as an estoppel binding on appellee against a claim that the possession then held of the 15 acres was adverse to appellant. We are of opinion that the fact alone that the suit was a friendly one was not a reason why effect should not have been given to the disclaimer therein by Gerisky, and we think it appeared from what the trial court found with reference to that suit that, if an issue was not made therein between Hall and Gerisky as to the ownership and right of possession of the 15 acres, it was because of the disclaimer; for, nothing to the contrary appearing in the record, we think it should be assumed that Hall was then entitled as the owner thereof to possession of the 15 acres and did not assert his right because Gerisky disclaimed any claim of a right thereto.

It follows that we think the trial court erred when he concluded that appellee was entitled to recover the 15 acres by force of the statute of limitations of ten years, and, there being no other sufficient basis for the judgment in his findings, that same is erroneous.

[6] The contention made by appellant that appellee's plea setting up said statute was insufficient is overruled. The ground of the contention is that the plea contained a disclaimer as to part of the land sued for and did not sufficiently describe the part thereof to which the disclaimer did not apply. An examination of the plea shows that, while the appellee disclaimed title to any of the land sued for of which he was not in possession, he asserted he was in possession of all of it, and we think the plea should be construed as applying to the entire tract and not to part only of it.

The judgment will be reversed, and the cause will be remanded for a new trial.