### J. V. WOOD & BRO. v. BROOKS et ux.
### (No. 645.)

Court of Civil Appeals of Texas. Waco.
March 22, 1928.

Rehearing Denied April 19, 1928.

1. **Mortgages ⊜426—Third person holding property under mortgagor's deed, delivered before delivery of mortgage, and in immediate possession, held not proper party to mortgage foreclosure action.**

The general rule is that the only questions that can be determined concerning title in suit to foreclose a mortgage are such as affect the equity of redemption, and the only proper parties to such suit are the mortgagor and mortgagee and those, if any, who have acquired rights or interests under them subsequent to the execution of the mortgage, and a third person holding property under deed from mortgagors executed and delivered before execution and delivery of mortgage or deed of trust, and who took immediate possession, was not a proper party.

2. **Mortgages ⊜415(1)—Superior outstanding title in third person held no defense in mortgage foreclosure action.**

In action to foreclose a mortgage, mortgagor cannot plead as a defense a superior outstanding title in another under deed executed and delivered prior to execution and delivery of deed of trust.

3. **Mortgages ⊜486—Mortgagee, suing to foreclose deed of trust, is entitled to judgment for land embraced in mortgagor's disclaimer.**

Where, in action to foreclose deed of trust, mortgagor, disclaimed all right, title, and interest in certain property covered by the deed of trust, mortgagee was entitled to judgment against mortgagor for land embraced in disclaimer, and this rule would apply, regardless of whether the instrument under which mortgagee claimed was a forgery, and that he was therefore without title to land so recovered because of disclaimer.

Appeal from District Court, Ellis County; Tom J. Ball, Judge.

Suit by J. V. Wood & Bro. against W. T. Brooks and wife. From an adverse judgment, plaintiffs appeal. Affirmed in part, and reversed and rendered in part.

J. T. Spencer, of Waxahachie, for appellants.

J. C. Lumpkins and C. M. Supple, both of Waxahachie, for appellees.

GALLAGHER, C. J. This suit was instituted by J. V. Wood & Bro., appellants, against W. T. Brooks and wife, Myrtle Brooks, appellees, to recover on a note executed and delivered to them by appellees, and to foreclose a deed of trust lien given by appellees to secure the same on lots 10 and 11 in block 13 of the town of Maypearl in Ellis county. Both said instruments were dated October 1, 1922. The balance on said note remaining unpaid was alleged to be $4,577.83, with interest at the rate of 10 per cent. per annum from January 1, 1925, and 10 per cent. additional on both principal and interest as attorney's fees. Appellees, in bar of the recovery of a personal judgment against W. T. Brooks, pleaded his discharge in bankruptcy, and in bar of the recovery of a personal judgment against Mrs. Myrtle Brooks, her coverture. They also pleaded, in bar of the foreclosure of said deed of trust lien on lot 11, that it was at the time of the execution of said deed of trust, and still was their homestead. They disclaimed all right, title, and interest in and to lot 10, and alleged that, prior to the execution of said deed of trust, they had conveyed the same to Mrs. S. A. Oliver. Mrs. Oliver was not a party to the suit.

There was a trial before a jury. Appellee W. T. Brooks introduced in evidence his discharge in bankruptcy, and the nonliability of Mrs. Brooks to a personal judgment on account of her coverture was admitted in open court. The testimony disclosed that lot 11 was the homestead of appellees at the time of the execution and delivery of said deed of trust; that on July 7, 1920, more than two years before the execution of said deed of trust, appellees had executed a deed purporting to convey said lot 10 to Mrs. Oliver; and that said deed had not been recorded at the time of trial. There was, however, testimony tending to show that Mrs. Oliver was in actual possession of said lot at the time said deed of trust was executed. The court instructed a verdict for appellees, and entered judgment thereon that appellants take nothing against appellees personally nor as to said lot 11, and that appellees have judgment against appellants for all costs. The court included in said judgment a finding that lot 10 had long prior to the execution of said deed of trust been conveyed by appellees to another, not a party to the suit, who was in possession thereof at the time said deed of trust was executed, and that appellees had filed a disclaimer as to said lot. The court in said judgment directed that the same should not prejudice appellants' rights, if any, to proceed against said lot and any and all persons claiming any interest therein to satisfy any claim they might have against said lot.

#### Opinion.

[1] Appellants present as ground for reversal the action of the court in refusing to establish the amount of their debt and to foreclose the same upon said lot 10. The general rule is that the only questions that can be determined concerning a title in a suit to foreclose a mortgage are such as affect the equity of redemption, and that the only proper parties to such a suit are the mortgagor,

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the mortgagees, and those, if any, who have acquired rights or interests under them subsequent to the execution and delivery of the mortgage. We quote from 1 Wiltsie on Mortgage Foreclosure, pp. 221, 222, § 158, as follows:

"The only questions that can be determined concerning a title upon the foreclosure of a mortgage are such as affect the equity of redemption; the plaintiff has no right to make a third person, who claims an adverse title not derived from either the mortgagor or the mortgagee and who cannot be affected by the judgment, a defendant for the purpose of litigating his claim to a paramount title.

"The only proper parties to a foreclosure are the mortgagor and the mortgagee, and those who have acquired rights or interests under them subsequent to the execution and delivery of the mortgage, for they are the only persons who have any rights or obligations growing out of the mortgage, or who can be affected in any manner by the litigation. A stranger claiming adversely to the title of the mortgagor can in no way be affected by the foreclosure suit. It can make no difference to him whether the mortgage is valid or invalid, whether it is discharged or foreclosed, or whether the estate mortgaged, the only estate which can be affected by the decree, remains in the mortgagor, or is transferred to another. As such adverse claimant is a stranger to the mortgage and to the mortgaged estate, he can have no interest in the subject-matter of the action; there is no privity between him and the plaintiff, and the plaintiff has no right to make him a party defendant to a foreclosure, for the purpose of trying his adverse title."

[2] The rule so announced was quoted and approved in the case of Gamble v. Martin (Tex. Civ. App.) 151 S. W. 327, 330, in which case writ of error was refused by the Supreme Court. Said rule is also supported by the following authorities: Faubion v. Rogers, 66 Tex. 472, 475–476, 1 S. W. 166; Looney v. Simpson, 87 Tex. 109, 111, 26 S. W. 1065; Wolf v. Harris, 20 Tex. Civ. App. 99, 48 S. W. 529 (writ refused); Branch v. Wilkens (Tex. Civ. App.) 63 S. W. 1083, 1085. While appellees alleged that Mrs. Oliver was holding lot 10 under a deed from them, they further alleged that said deed was executed and delivered and possession of said lot taken by her thereunder prior to the execution and delivery of the deed of trust to appellant. She was not, according to such allegations, under any obligation to redeem, and her holding was adverse to any claim to said lot on the part of Brooks and wife at the time they executed said deed of trust. Appellees' allegations of superior outstanding title in her were no defense to appellants'

demand for foreclosure. We quote in this connection from 1 Wiltsie on Mortgage Foreclosure, p. 222, § 159, as follows:

"In an action to foreclose a mortgage the mortgagor cannot plead as a defense a defect in his title at the time of the execution and delivery of the mortgage. He cannot urge as a defense want of title in himself and allege title in a third person."

Appellants were not therefore required to litigate in this suit the issue of adverse title in Mrs. Oliver tendered by appellees, nor was the testimony introduced by appellees on such issue any bar to the foreclosure against them of appellants' deed of trust lien on lot 10.

[3] Appellees did not plead nor prove any defense to the foreclosure of appellants' deed of trust lien as against them on lot 10. On the contrary, they disclaimed all right, title, and interest in and to said lot. The rule in this state is well established that, when the defendant in a trespass to try title suit disclaims as to all or any part of the land sued for, the plaintiff is entitled to a judgment against him thereon for the land embraced in such disclaimer. Johnson v. Schumacher, 72 Tex. 334, 339, 12 S. W. 207; King v. Haley, 75 Tex. 163, 170, 12 S. W. 1112; Wootters v. Hale, 67 Tex. 513, 515, 516, 3 S. W. 725; Wilburn v. Tow (Tex. Civ. App.) 23 S. W. 853, 854; Busk v. Manghum, 14 Tex. Civ. App. 621, 37 S. W. 459, 461. The right of the plaintiff in such a suit to recover against the defendant on his disclaimer has been sustained and applied, notwithstanding it was shown in the course of the trial that the deed under which the plaintiff claimed was a forgery, and that he was without title to the land so recovered by virtue of such disclaimer. Dodge v. Richardson, 70 Tex. 209, 210, 8 S. W. 30. We think the rule announced in the authorities above cited should be applied in this case.

The judgment of the trial court, in so far as it denies appellants a personal judgment against W. T. Brooks and wife, Myrtle Brooks, and a foreclosure of appellants' deed of trust lien on said lot 11 of block 13 in said town of Maypearl, is affirmed, and such judgment, in so far as it denies appellants a foreclosure of their deed of trust lien on said lot 10, is reversed, and judgment is here rendered establishing appellants' indebtedness constituting a lien on said lot as against any interest of appellees therein at the sum of $4,577.83, with interest thereon at 10 per cent. per annum from January 1, 1925, and 10 per cent. additional thereon for attorney's fees, and said deed of trust lien as against appellees is here foreclosed.