## HANSEN v. HOLLAND et ux.
### No. 4379.

Court of Civil Appeals of Texas. Texarkana. Nov. 23, 1933.

Rehearing Denied Nov. 30, 1933.

Wm. J. Berne, of Fort Worth, for appellant.

Brachfield & Wolfe, of Henderson, and Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellees.

JOHNSON, Chief Justice.

This suit was filed October 14, 1930, by appellees, W. W. Holland and wife, as plaintiffs in the district court of Rusk county, against C. R. Hansen. Before the trial C. R. Hansen died intestate, whereupon appellant, Inez Hansen, surviving wife and sole heir of C. R. Hansen, deceased, was made defendant. Plaintiffs' suit was to cancel a certain deed and contract of conveyance of mineral interests in the land hereafter mentioned, and to remove cloud from title thereto by reason of alleged fraud committed on the part of C. R. Hansen, grantee therein. It being alleged by the plaintiffs, in substance, that they were the owners of certain described lands, being 41.7 acres of the M. J. Pru H. R. survey, and

105.4 acres of the Juan Ximines survey in Rusk county; that on September 10, 1930, plaintiffs agreed to sell to C. R. Hansen for a consideration of $2,085 as a cash transaction a one-fourth royalty interest in the 41.7 acres; that at the suggestion of Hansen, plaintiffs permitted him to prepare the papers, with the understanding between the parties that they were to be prepared in accordance with the agreement and would not take effect or be recorded until the $2,085 was paid in cash; that in violation of the agreement Hansen had fraudulently procured to be inserted in the deed a description and conveyance of the 105.4 acres in addition to the 41.7 acres, and fraudulently procured the plaintiff to execute and acknowledge the deed by falsely representing to plaintiffs that the deed had been drawn in accordance with the agreement and only covered the 41.7 acres; that in further violation of their agreement not to do so, Hansen immediately placed the deed of record without having paid the consideration and then refused to pay same; that Hansen agreed to place the $2,085 consideration in the First State Bank of Overton, Tex., to the credit of or for the benefit of plaintiffs; that in violation of this C. R. Hansen delivered to plaintiffs a worthless draft; that it was purpose of the said C. R. Hansen to procure the apparent title to plaintiffs' land in himself for the purpose of transferring it to an innocent person or to cloud it awaiting development of property for oil purposes in the territory to determine whether or not the royalty interest would become worthless or greatly enhanced in value; that upon ascertaining that Hansen had committed said fraud upon plaintiffs and violated the agreement in placing the deed upon record, plaintiffs filed this suit, praying that they have judgment canceling and terminating said contract and deed, and that the cloud cast upon plaintiffs' title by virtue thereof be removed. The defendant answered, in substance, that the deed of conveyance and the contract binding plaintiffs to have good title, and to deliver abstract showing same, were executed simultaneously and were a part of the same transaction, and delivered to Hansen; that Hansen then and there as part of the consideration paid plaintiffs $10 in cash, and executed the draft for $2,085 drawn on himself and payable to his order, and indorsed and delivered to plaintiffs, conditioned with the stipulations thereon that it was payable only after receipt of abstract by Hansen and approval of title by his attorneys; that Hansen wrote the contract and deed, and that the 105.4-acre tract was inserted in the deed by the mutual mistake of Hansen and Holland; that defendant disclaims any interest of any kind in the said 105.4 acres; that Hansen's purpose in recording the deed was to give legal notice of his claim to the mineral interest in the 41.7 acres; that the title to the 41.7 acres was defective, that the abstract called for by the contract was never furnished, and that by reason thereof plaintiffs have never become entitled to collect the draft and the defendant has not become liable for its payment; that the defendant, C. R. Hansen, and now the defendant, Inez Hansen, have at all times been ready and willing to pay the $2,085, on compliance by the plaintiffs with the terms of the contract; defendant prays that plaintiffs take nothing by reason of their suit, for a decree establishing the contract to be a valid, binding, and subsisting contract of plaintiffs, and that the deed be reformed by striking therefrom the 105.4 acres of land. To which plaintiffs answered that Hansen's placing the deed of record constituted acceptance of title and a waiver of the terms of the contract requiring abstract, and by reason of his fraud and breach of the contract and his refusal to pay the consideration had forfeited his rights to have the deed reformed.

Before proceeding to trial on the merits, the court on motion of plaintiffs entered judgment upon defendant's disclaimer as to the 105.4 acres, "decreeing that plaintiffs recover of defendant said 105.4 acres."

The trial was to the jury, and in response to issues submitted, the jury found:

1. That the deed was not delivered to Hansen within the meaning and intention of taking effect immediately.

2. That it was understood and agreed by and between the parties that plaintiffs were to be paid the consideration in cash.

3. That it was understood and agreed between the parties that the deed was not to be filed in the office of the county clerk of Rusk county until the consideration named therein ($2,085) had been paid.

4. That the 105.4 acres was included in the deed by reason of the willful and false representations of C. R. Hansen and his attorney, relied upon by plaintiffs.

5. And that at the time of the execution and delivery of the deed and contract no money was paid plaintiffs on the consideration.

The findings of the jury are supported by the evidence and are adopted by this court. Judgment was entered for plaintiffs. From an order of the court overruling her motion for new trial, defendant has appealed.

Appellant assigns as error the action of the trial court in refusing to instruct the jury to return a verdict for defendant. Under this assignment it is the contention of appellant: That the action of the trial court, before proceeding to trial on the merits, in rendering judgment for plaintiffs for the 105.4 acres on the defendant's disclaimer of the 105.4 acres, on motion of plaintiffs, was equivalent to the waiver by plaintiffs of their allegations of fraud and a confession to the defendant's allegations of mutual mistake; and

that the judgment of the court decreeing the 105.4 acres to the plaintiffs in effect destroyed the deed as it was originally executed, and created in its stead a "reformed" deed with only the 41.7 acres included therein; and which reformed deed thereby conformed to plaintiffs' allegations as to the land originally intended to be conveyed; thus the issue of fraud was eliminated and defendant became entitled to judgment.

We are not able to agree with appellant that this argument is sound. The record reflects that as to the 105.4 acres, the decree referred to, entered by the court before proceeding to trial on the merits, was entered upon defendant's disclaimer and not upon her prayer for reformation. A disclaimer is not an answer or defense plea, but it is an admission of plaintiff's rights, Tull v. Wilbarger County (Tex. Civ. App.) 36 S.W.(2d) 316; and a judgment thereon would not have the effect of finding or establishing anything in the defendant's favor. The effect of a disclaimer is that it is an admission upon the record of the right of plaintiff to recover title to the land covered by the disclaimer and the denial of the assertions of any title to the land on the part of defendant. Havard v. Carter-Kelley Lbr. Co. (Tex. Civ. App.) 162 S. W. 922; article 7385, R. S. 1925; Smith v. Wood (Tex. Civ. App.) 229 S. W. 583; Snyder v. Compton (Tex. Civ. App.) 29 S. W. 73; Busk v. Manghum, 14 Tex. Civ. App. 621, 37 S. W. 459; Tull v. Wilbarger County (Tex. Civ. App.) 36 S.W.(2d) 316; Investors' Utility Corp'n v. Challacombe (Tex. Civ. App.) 39 S.W.(2d) 175; Herring v. Swain, 84 Tex. 523, 19 S. W. 774; Scanlan v. Hitchler, 19 Tex. Civ. App. 689, 48 S. W. 762.

It is the defendant, and not the plaintiff, that is concluded by disclaimer. Dodge v. Richardson, 70 Tex. 209, 8 S. W. 30.

 The action of the court in entering judgment for plaintiffs on the defendant's disclaimer as to the 105.4 acres did not "reform" the deed in the sense of purging the transaction of its fraud, if any. The judgment did not in any sense so purport, nor was the effect thereof, to create a new or "regenerated" deed, cleansed of the vitiating effect of fraud. Fraud, when found to exist, relates back to the inception of the whole matter with which it is connected and, as between the parties, vitiates the entire transaction. 20 Tex. Jur. § 7, p. 15, and the authorities there cited. The judgment of the court upon defendant's disclaimer as to the 105.4 acres could not be held to have precluded plaintiffs' rights to be heard upon the issues of fraud. The assignment is overruled.

It appears to be the further contention of appellant that notwithstanding the cancellation of the deed, defendant was entitled to judgment declaring the contract to be a valid, binding, and subsisting contract upon plaintiffs to convey the 41.7 acres. This contention cannot be sustained for reason of the rule of law last above stated; and for the further reason that the contract does not purport to be a contract binding plaintiffs to convey the 41.7 acres, but recites, in substance and effect, that whereas plaintiffs *have conveyed* the 41.7 acres by the deed mentioned, that plaintiffs bind themselves to have good and perfect title, and to furnish an abstract to grantee showing such title. It will be noted that the terms of the contract are referable to the executed deed of conveyance already made, and not to any agreement of future conveyance. Hence, with the executed deed canceled, the provisions of the contract binding plaintiffs to show good title and furnish an abstract thereof to the defendant would be moot and without base. Appellant could not be injured for want of an abstract showing good title to a conveyance which has been canceled.

Appellant also contends that the court erred in overruling the defendant's objections to the oral testimony of Mrs. Moselle Nichols, witness for plaintiffs, and to all of her testimony, wherein she testified that she was present and heard the trade and saw the transaction between plaintiffs and C. R. Hansen; it being the contention of the appellant that this testimony was inadmissible since the terms of the trade had been reduced to writing, and the testimony was in conflict with the written terms of the contract. This assignment cannot be sustained for the reason that the parole evidence rule is not applicable when fraud is pleaded in the execution of the contract. 20 Tex. Jur. § 117, p. 170.

The appellant has made other assignments, all of which we have carefully considered; but finding no error presented, they are respectfully overruled.

The judgment of the trial court is affirmed.