### W. E. EASTERWOOD v. JAMES A. DUNN.

Delivered May 21, 1898.

**1. Res Judicata—Judgment Upon Disclaimer.**

A judgment against a defendant in a suit to try title upon his disclaimer is res judicata as between him and persons subsequently claiming from another defendant to whom the land was adjudged in the prior action.

**2. Trespass to Try Title—Common Source—Outstanding Title.**

A defendant in trespass to try title claiming under a common source can not defeat a recovery by showing a superior outstanding title.

APPEAL from Van Zandt. Tried below before Hon. J. GORDON RUSSELL.

*Wynne, Greer & Smith* and *W. A. Bonner,* for appellant.

*Kearby & Kearby,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted in the ordinary form of trespass to try title, and for damages and rents, on February 12, 1896, by James A. Dunn against W. E. Easterwood. On October 13, 1896, plaintiff Dunn filed his first amended original petition, alleging that on December 14, 1895, he was in lawful, peaceable, quiet, and undisputed possession of the lands described in his original petition, which were again described in his amended petition, and that he was and is the lawful owner of the same in fee simple, and entitled to the use and occupancy of same. That on December 13, 1895, defendant with force and arms unlawfully entered upon said lands and premises and ejected plaintiff therefrom, and unlawfully occupied the same and withholds the possession of the same from plaintiff, to his damage in the sum of $1000. And he further alleged that the rental value of said premises was reasonably worth the sum of $500 per annum, and that defendant was using said land and appropriating the rents and benefits derived from the same from the date of his alleged entry to the time of

filing said amended petition. Plaintiff further alleged that if defendant ever had any title or interest in said land, he charges that said right and title was finally adjudicated and settled in a suit in the District Court of Van Zandt County, at its fall term, 1894, styled Mrs. Julia A. Shamblin v. M. T. Nix et al., No. 1822, wherein said defendant Easterwood was one of the defendants, and in which the said Easterwood disclaimed any interest in the land in controversy and recovered nothing in said suit; that the land involved in said suit No. 1822 involved the same land involved in this suit, and plaintiff pleads the disclaimer of said Easterwod in bar of his recovery herein; and further alleged, that after the result of the suit of Shamblin v. Nix et al. plaintiff purchased the land in controversy and paid a good price for the same, in good faith, and without any knowledge of defendant's claim thereto.

Defendant answered by plea of not guilty; and further answered that he had been in possession of said premises, that he had held the same under a regular chain of title from the sovereignty of the soil, and had in good faith made valuable improvements thereon, aggregating the sum of $570; and prayed that in the event plaintiff recovered the land that defendant have judgment for the value of his improvements as charged. The cause was tried November 17, 1897, without a jury, resulting in a judgment against the defendant Easterwood and in favor of plaintiff Dunn for the land in controversy and for costs, from which judgment defendant appeals.

The trial court filed the following conclusions of fact, which we find supported by the evidence, and the same are adopted:

"On July 4, 1893, M. T. Nix conveyed to the defendant W. E. Easterwood an undivided interest of 176 acres of the Isaac Killough survey in Van Zandt County. On March 27, 1894, there was a suit pending in the District Court of Van Zandt County, in which Julia A. Shamblin et al. were plaintiffs, and M. T. Nix et al. were defendants, for the recovery of the said Killough survey. The defendant W. E. Easterwood was a party defendant in that suit, as were other vendees of the said M. T. Nix, who had conveyed to them undivided interests in the said Killough survey. On March 27, 1894, the defendant Easterwood filed a disclaimer of 'all interest, claim, title, right, possession, or right of possession whatever, as well at law as in equity,' in the land sued for in the said case of Shamblin v. Nix. et al., as aforesaid. On this disclaimer there was entered a judgment in due form for the plaintiffs in that suit for the land, and for the defendant Easterwood for the costs. In this same judgment plaintiffs recovered judgment by default against M. T. Nix. This case of Shamblin v. Nix et al. still remained on the docket of the District Court of Van Zandt County until November 12, 1894. On said November 12, 1894, there was another and what appears to be a final judgment in the suit of Shamblin v. Nix et al., in which the filing of the aforesaid disclaimer by the defendant Easterwood is recited, and in which the plaintiffs are again decreed the land as against Easterwood,

and Easterwood recovered costs. That judgment also provides that M. T. Nix, one of the defendants in that suit, and the vendor of the defendant in this suit, Easterwood, shall recover a certain specific 100 acres of the land. On November 12, 1894, the day of the rendition of said judgment, M. T. Nix conveyed this 100 acres to C. M. McCain, and this deed was the same day filed for record, to wit, November 12, 1894, the day of its execution.

"On November 17, 1894, C. M. McCain and wife conveyed said 100 acres to the plaintiff herein, James A. Dunn, and this deed was filed for record December 13, 1894. There is nothing in the record to show that McCain on November 12, 1894, or that the plaintiff Dunn on November 17, 1894, had any notice that the defendant Easterwood had any intention to abandon his disclaimer or to assert title to the land.

"After November 12, 1894, there were negotiations between M. T. Nix and defendant Easterwood, looking to a settlement of Easterwood's claim on the 100 acres of land decreed to Nix in the judgment of November 12, 1894, in which Easterwood agreed to abandon his claim thereto for $100 in money, or a vendor's lien note for $100; but these negotiations never resulted in a settlement on account of Nix's failure to comply with the terms of the agreement. There is no proof to show that McCain or Dunn knew of the pendency or the result of the negotiations.

"The court further finds that on January 24, 1890, M. T. Nix conveyed an undivided interest of 200 acres of the Killough survey to J. W. Poindexter; that said Poindexter conveyed his interest of 200 acres to A. B. Thomas, October 22, 1890; that A. B. Thomas conveyed to Henry King, October 19, 1893; and that Henry King reconveyed said 200 acres to said M. T. Nix, July 14, 1894. On March 17, 1890, M. T. Nix conveyed to R. F. Nix an undivided 200 acres interest of the said Killough survey; and there is nothing in the record to show that the said 200 acres so conveyed to R. F. Nix has ever been divested out of him, but the title to the land appears to be still outstanding in the said R. F. Nix.

"It was agreed that the defendant has placed a fence around the entire 100 acres in controversy, and that it was reasonably worth $1 per acre to fence the same; and that he broke and put in cultivation twenty acres of said land, and that it was reasonably worth $2 per acre to so break and put the same in cultivation; and that the rental value of said land does not exceed $75 per annum."

Appellant's first assignment of error reads: "The court erred in its conclusions of law wherein it finds that the defendant W. E. Easterwood was estopped in this suit from asserting title as against the vendees of M. T. Nix by reason of the entry of the judgment which recited that he disclaimed any title to the land in the suit of Julia A. Shamblin et al. v. M. T. Nix et al., as a disclaimer only admits that plaintiff has a superior title, and acts as an estoppel only as to the plaintiff or the plaintiff's vendees."

The suit of Shamblin et al. v. Nix et al. was a suit of trespass to try title to the Isaac Killough survey of 640 acres in Van Zandt County. M.

T. Nix and W. E. Easterwood were defendants in that case. The defendant Easterwood in that suit held a warranty deed from M. T. Nix dated July 4, 1893, for an undivided interest of 176 acres in the Killough survey. In March, 1894, W. E. Easterwood filed a disclaimer in that case, whereby he disclaimed "all interest, claim, title, right, possession, or right of possession whatever, as well at law as in equity," to the land therein sued for.

Thereafter, on November 12, 1894, without any other pleading having been filed by said Easterwood, a judgment was rendered in that case that the plaintiffs recover for all the land in the Killough survey, except 100 acres, which was decreed to M. T. Nix, the judgment describing said 100 acres by metes and bounds. Judgment was rendered against Easterwood on his disclaimer, the judgment reciting the disclaimer, and in favor of Easterwood for costs. On the same day M. T. Nix conveyed the 100 acres recovered by him in said judgment to C. M. McCain, which deed was filed for record on the day of its execution.

On November 17, 1894, McCain conveyed said 100 acres to James A. Dunn. Neither McCain nor Dunn at the time of their respective purchases had any notice that Easterwood set up any claim to the land, and each paid value for the land.

Appellant contends that a disclaimer filed by a defendant in a suit is an estoppel against him only as to the interest claimed by plaintiff in that suit, and does not affect him as to the claims of other parties. His position is, that he held a general warranty deed from M. T. Nix, and that upon judgment being rendered in the suit of Shamblin et al. v. Nix et al. in favor of M. T. Nix for 100 acres of land in the Killough survey, that by reason of the warranty he became entitled to the same. Upon the effect of the disclaimer of Easterwood filed in the Shamblin-Nix suit, appellant refers us to the case of Wooters v. Hall, 67 Texas, 514.

The facts shown in the Wooters case were, that in 1874 the heirs of Kercheffer brought an action of trespass to try title against Robert Hall, W. T. Hall, and J. H. Burnet. In that case W. T. Hall and J. H. Burnet filed a disclaimer. In 1879 a judgment was rendered in favor of the defendant Robert Hall, and in favor of defendants W. T. Hall and J. H. Burnet for costs on their disclaimers. Subsequently J. C. Wooters instituted a suit of trespass to try title against W. T. Hall and S. C. Arledge to recover the land. Wooters claimed title under a conveyance made by the heirs of Kercheffer, and also under a deed made to him by Robert Hall on March 8, 1882.

The Supreme Court, speaking through Mr. Justice Stayton, in reference to the disclaimer filed by W. T. Hall, uses the following language: "As between persons claiming under the heirs of Kercheffer and persons claiming through Robert Hall, through conveyances made since September 19, 1879, it must be held that Robert Hall had the superior title to the land at that date. The plaintiff holds whatever title Robert Hall had at that time, so far as the record shows. It therefore only remains to

consider the effect of the disclaimer filed by W. T. Hall in the former action in connection with the judgment which he took in that case. A disclaimer admits the title of the plaintiff to the land, which, nothing further appearing, would entitle plaintiff to a judgment for it, and the defendant to a judgment for costs. A plaintiff, however, may assert that the defendant was in possession of or claiming the land when the action was brought, and if this be found in his favor, the defendant will not be entitled to his costs.

"The judgment in the former action determines that W. T. Hall neither had adverse possession of the land nor asserted title to it pending the former action; for he took judgment on his disclaimer for costs, which he could not have done had he been asserting an adverse claim for possession. Having taken such a judgment on his disclaimer, he is now estopped from setting up title against one claiming through the heirs of Kercheffer, unless he can show that he has acquired title since the former action was decided." 67 Texas, 515.

The facts of the above case are quite similar to those of the case before us. Mrs. Shamblin was seeking to recover the Killough survey. M. T. Nix and Easterwood were defendants. Easterwood disclaimed all interest in the land. Judgment was rendered on his disclaimer against him for the land, and in his favor for costs. Judgment was rendered in favor of Nix for 100 acres of the land. That judgment determined that Easterwood neither had adverse possession of nor asserted title to the land at the time of its rendition.

In the case of Herring v. Irvin, 84 Texas, 525, Mr. Justice Gaines, speaking for the court, as to the effect of a disclaimer under our system, says: "It is an admission upon the record of the plaintiff's right, and a denial of the assertion of title on the part of the defendant."

We conclude, that under the facts of this case the court did not err in holding that the appellant Easterwood was estopped from setting up his title acquired prior to November 12, 1894, to defeat a recovery by plaintiff.

Appellant insists in his second assignment of error that the record shows an outstanding legal title in R. F. Nix, and that the trial court erred in holding appellant estopped from setting up such title to defeat plaintiff's recovery.

It was agreed that M. T. Nix was the common source of title, under whom both plaintiff and defendant claimed. The Killough survey contained 640 acres. On March 17, 1890, M. T. Nix conveyed to R. F. Nix an undivided 200 acres of this survey, describing the 200 acres by metes and bounds. The judgment in the Shamblin suit decreed to M. T. Nix 100 acres of land in this survey, describing the same by metes and bounds. The deed from M. T. Nix to McCain, and from McCain to Dunn, describes this 100 acres by metes and bounds. The record does not show that there is any conflict in these two tracts of land or that the field notes of one embrace any part of the other. Easterwood does not in any way connect himself with the title of R. F. Nix. The record does not

affirmatively show that this outstanding title never vested in the common source.

Under these facts, the trial court did not err in holding that defendant could not defeat a recovery by plaintiff because of an outstanding title in R. F. Nix. Rice v. Railway, 87 Texas, 90; Pfouts v. Thompson, 37 S. W. Rep., 904; West v. Keeton, 17 Texas Civ. App., 139.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

Delivered May 18, 1898.

BOOKHOUT, ASSOCIATE JUSTICE.—In the conclusions of fact filed by the trial court, and adopted by this court in our opinion rendered May 21, 1898, appears the recitation that, "On March 17, 1890, M. T. Nix conveyed to R. F. Nix an undivided 200 acres interest of the said Killough survey; and there is nothing in the record to show that the said 200 acres so conveyed to R. F. Nix had ever been divested out of him, but the title to the land appears to be still outstanding in the said R. F. Nix."

These conclusions, so far as they state that "there is nothing in the record to show that the 200 acres so conveyed to R. F. Nix has ever been divested out of him, but the title to the land appears to be still outstanding in the said R. F. Nix," are not fairly borne out by the record. The only evidence offered in reference to this matter was the deed from M. T. Nix to R. F. Nix. The appellant did not show that this title never vested in the common source, nor did he connect himself with it. This deed to R. F. Nix conveyed an undivided interest of 200 acres, describing the same by metes and bounds, but the field notes described the entire Killough survey. It did include the land in dispute. The statement in the opinion that there was no conflict shown between the land conveyed to R. F. Nix and the land embraced in the suit, is error.

The conclusions of fact will be corrected as herein indicated; and appellant's motion for rehearing is overruled.

*Overruled.*