### ALFRED CREBBIN v. WILLIAM BRYCE.

Decided December 22, 1900.

**Res Judicata—Plea in Reconvention Waived.**

In an action in which an injunction has already issued at plaintiff's instance, defendant, besides pleading to the merits, reconvened for damages, but at the trial did not read or submit such plea, offered no evidence on it, no charge was asked or given on it, nor did the verdict or judgment refer to it. Held, that in a subsequent action for such damages, brought on the injunction bond, the judgment in the former case could not be pleaded as res adjudicata, since the plea in reconvention was waived at the former trial.

APPEAL from the County Court of Tarrant. Tried below before Hon. M. B. HARRIS.

*Morgan Bryan,* for appellant.

*Capps & Canty, S. T. Camp,* and *Theo. Mack,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit is to recover damages on an injunction bond, which was executed in another suit in the District Court of Tarrant County, the injunction on final hearing having been dissolved. In the District Court case Bryce sued out an injunction against Crebbins restraining him from closing up some streets at Arlington Heights, and gave the bond provided by statute. Crebbins filed an answer to the merits of the case and prayed for dissolution, and also reconvened for damages for rents and other items named. On the trial of that cause the attorney for Crebbins read his general denial and answer to the merits, but did not read or submit his plea in reconvention to the court or jury, offered no evidence on it, no charge was asked or given on it, the jury's verdict did not refer to it, nor did the judgment and decree of the court.

In the case at bar Crebbins' claim is the same as was pleaded in the District Court. The defendant Bryce pleaded, among other defenses, that of res adjudicata, and the court tried the case without a jury and rendered judgment against Crebbins, that he take nothing by his suit, and that he pay all costs. This action of the court is complained of, and the judgment is asked to be reversed upon a statement of facts.

We are of opinion that the court erred in rendering judgment against Crebbins. There was evidence tending to sustain his claim for damages in part at least, and the plea of res adjudicata was not sustained by the evidence. The evidence was uncontradicted that the claim as pleaded

in reconvention in the District Court was not adjudicated, but was in legal effect abandoned on the trial of that cause.

The judgment herein is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*