## LAMBRECHT v. LEWIS et al. (No. 811.)

(Court of Civil Appeals of Texas. Beaumont. May 4, 1922. Rehearing Denied May 17, 1922.)

1. Judgment ⚖️729—Former judgment between same parties on different issues not res judicata in another action as to same property.

The estoppel of a judgment extends only to the facts as they were when it was rendered, and where in a former boundary action defendant claimed title under an award by the state, but during the trial abandoned such defense of purchase from the state, and announced in open court that he no longer asserted any claim under that award, and judgment was entered, in a second action, after defendant had subsequently been awarded the land by the state, the former judgment could not afford the basis for an estoppel as to the claim of defendant under the subsequent award.

2. Evidence ⚖️417(2)—Evidence of abandonment of plea of purchase in former trial admissible.

In a boundary suit, evidence that at a former trial defendant's father had abandoned his plea of purchase, and that the judgment was entered by plaintiff without contest on the pleadings and facts was admissible; the oral testimony offered not being subject to objection that it varied the written records of the court.

3. Judgment ⚖️729—Judgment entered after plea of purchase was abandoned not res adjudicata on that issue.

In a boundary suit, where a defendant claimed the land under purchase and award from the state, but during the trial abandoned

such plea before judgment was entered, the judgment as entered was not res adjudicata on that issue.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Action by John W. Lewis and another, administrators of the estate of Francis A. Ogden, deceased, against Alfred Lambrecht. From judgment for plaintiffs, defendant appeals. Reversed and remanded for new trial.

R. H. Holland and Van Velzer & York, all of Houston, for appellant.

Andrews, Streetman, Logue & Mobley, John H. Crooker, H. H. Cooper, and Sam. R. Merrill, all of Houston, for appellees.

WALKER, J. This was a boundary suit filed by appellees, as plaintiffs, against Nick Lambrecht. During the pendency of the suit Nick Lambrecht died, and his son, Alfred Lambrecht, the appellant here, was made defendant, as holding his father's title. Appellees sued in their representative capacity, as administrators of the estate of Francis A. Ogden, deceased, claiming the land in controversy as a part of the Bodman survey No. 3 in Harris county, Tex. By special allegations, they extended the east and west boundary lines of the Bodman, to the Upshaw on the south, making the south boundary line of the Bodman a common line with the north boundary line of the Upshaw, including all the land in controversy. They also specially pleaded that the same land was in controversy between the estate of Francis A. Ogden, deceased, and Nick Lambrecht, the father of appellant, in cause No. 68003, filed in the fifty-fifth judicial district court of Harris county, Tex., on the 23d day of September, 1915 (this suit was filed in the same court on the 21st day of July, 1919); that in that suit they pleaded their boundaries as in this suit, making their south boundary line a common line with the north boundary line of the Upshaw; that the said Nick Lambrecht answered that suit by general denial, plea of not guilty, the different statutes of limitation, and by a special plea of purchase from the state about 1891, claiming it as a part of Washington county railroad survey No. 4; that a trial was had on the pleadings thus made, and judgment was rendered and entered for Nick Lambrecht for about 40 acres of the land in controversy, and that the balance of the land was awarded to the administrators' of the estate of Francis A. Ogden, extending the east and west lines of the Bodman to the Upshaw, and making the south boundary line of the Bodman a common line with the north boundary line of the Upshaw. Appellant pleaded specially that the judgment in the former suit was not entered on the pleadings on file in that suit, but, while the case was being tried, his father discovered that the award to the Wash-ington county railroad survey No. 4, made to him by the state, and which was specially pleaded by him, had been canceled by the state; when this was discovered, that he abandoned his defense of purchase from the state, announced in open court, to the court and to opposing counsel, that he no longer asserted any claim to the land under that award, and abandoned his pleas asserting that claim, and also abandoned all his pleas of limitation to all the land except to that part of the land in controversy, in that suit, which he had under fence; that opposing counsel announced to the court in open court that they would concede him the land under fence, as he was clearly entitled to it, and on such announcement, statement, and agreement, thus made in open court, judgment was entered for him for the land so conceded to him on his limitation plea; and on his abandoning his plea of purchase judgment was entered for the administrators of the estate of Francis A. Ogden, without contest, either on the pleadings or on the facts, for the land in controversy in that suit, except that awarded to him, which judgment extended the Bodman south boundary line to the Upshaw north boundary line; that since the entry of the judgment in cause No. 68003, Nick Lambrecht was awarded Washington county railroad survey No. 4 by the state, on due application made by him, and appellant, as the holder of the title of his father thus acquired, specially pleaded such award as his title to the land in controversy; and, as described in his plea, the land in controversy was situated between the Bodman on the north and the Upshaw on the south. On the issues thus outlined, the pleadings of all parties, both in this case and in the former case, were very full, but we believe the brief statement made by us sufficiently reflects the issues presented in this appeal.

On a trial to the jury, the facts developed raised the following issues:

(1) The issue was raised that Nick Lambrecht abandoned his plea of purchase from the state, as pleaded by him in the former suit, before the trial was concluded; that he claimed only the land held by him under fence, and abandoned his claim to the balance of the land in controversy, and that the land thus claimed was conceded to him, and awarded to him in the judgment as entered; that the judgment in favor of the administrators of the Ogden estate was entered on their pleadings, without contest by Nick Lambrecht, either by pleading or evidence. These issues were raised only by parol evidence. There was nothing in the pleadings in cause No. 68003, nor in the judgment as entered, nor in any agreement filed in the cause, showing that Nick Lambrecht had abandoned his plea, but the judgment, as entered, recited that the case was heard on its merits.

(2) The issue was raised that the Washington county railroad survey No. 4 lay between the Bodman No. 3 and the Upshaw, and that the land in controversy was a part of that survey, and not a part of the Bodman No. 3.

(3) After the entry of judgment in cause No. 6803, which was not appealed from nor modified in any way, Washington county railroad survey No. 4 was awarded to Nick Lambrecht by the state of Texas on due application made by him.

Under instructions from the court the jury returned a verdict for appellees.

### Opinion.

[1] The title asserted by appellant in this case was acquired by his father after a final adjudication of cause No. 68003, and was not involved in any way, nor put in issue, by any pleading filed, or testimony offered, in the trial of that cause. Hence the judgment, as entered in cause No. 68003, could not afford the basis for an estoppel, nor be res adjudicata, as to the claim of appellant, under the subsequent award made to him by the state of Texas. The rule is thus stated by Black on Judgments (2d Ed.) § 609:

"The estoppel of a judgment extends only to the facts as they were at the time the judgment was rendered, and to the legal rights and relations of the parties as fixed by the facts so determined. When new facts intervene before the second suit, furnishing a new basis for the claims and defenses of the parties, respectively, the issues are no longer the same, and consequently the former judgment cannot be invoked as an estoppel."

Again, section 656:

"A judgment in ejectment is not conclusive except as against defenses actually made, or legal defenses which might have been made on the trial. It does not deprive a party of the right to acquire a new and distinct title. and, having done so, to assert it without prejudice from the former suit."

See, also, Houston Oil Co. of Texas v. Stepney (Tex. Civ. App.) 187 S. W. 1084; Easterwood v. Dunn, 19 Tex. Civ. App. 320, 47 S. W. 285; Wootters v. Hall, 67 Tex. 515, 3 S. W. 725.

[2] The oral testimony offered by appellant, tending to show that his father had abandoned his plea of purchase, and that the judgment was entered for the administrators of the Ogden estate, without contest on the pleadings or facts, was admissible. On the issue thus made, the oral testimony offered was not subject to the objection that it varied the written records of the court. It only tended to show what records or pleadings were before the court, and considered by him in entering the judgment. Wood v. Cahill, 21 Tex. Civ. App. 38, 50 S. W. 1074; Crebbin v. Bryce, 24 Tex. Civ. App. 532, 60 S. W. 587; Tyler Mining Co. v. Sweeney, 54 Fed. 286, 4

C. C. A. 329; Campbell v. Rankin, 99 U. S. 261, 25 L. Ed. 435; Rackley v. Fowlkes, 89 Tex. 613, 36 S. W. 77.

[3] If the issue of purchase from the state, as pleaded by Nick Lambrecht in cause No. 68003, was abandoned by him before judgment was entered in that cause, the judgment, as entered, was not res adjudicata on that issue. 23 Cyc. 1312. The rule is thus stated in Black on Judgments (2d Ed.) § 620:

"According to the general doctrine of the cases, where a former judgment is set up as a bar, or as conclusive evidence of a particular fact or matter, the plaintiff may avoid the estoppel by showing that such matter, though involved in the prior litigation, was distinctly *withdrawn or abandoned*, or stricken out on motion, or ruled out by the court as irrelevant, and so withheld from the consideration of the jury, and therefore constituted no part of the verdict or judgment."

From what we have said, it follows that the court erred in instructing a verdict for appellees. Therefore the judgment of the trial court is reversed, and this cause remanded for a new trial.