**MONTEITH et al. v. LAMBRECHT et al.\***
**(No. 9199.)**

Court of Civil Appeals of Texas. Galveston.
Oct. 11, 1928.

Rehearing Denied Nov. 8, 1928.

Andrews, Streetman, Logue & Mobley, John H. Crooker, and Sam R. Merrill, all of Houston, and H. H. Cooper, of Amarillo, for appellants.

Fred R. Switzer and R. H. Holland, both of Houston, for appellees.

GRAVES, J. This statement of the cause, acquiesced in by the appellees with an addendum of their own, appears in appellants' brief:

"This action was originally brought by John W. Lewis and N. B. Knight as administrators of the estate of Francis A. Ogden, deceased, on July 21, 1918, against Nic Lambrecht, defendant, in the form of two counts in said petition, the first being a plain action of trespass to try title, and second pleading specially a judgment of the 55th Judicial District Court of Harris County, Texas, rendered on the 23rd day of November, 1916, upon a petition previously filed by N. B. Knight and Andral Van, as administrators of the estate of F. A. Ogden, deceased, filed on the 23rd day of September, 1915, in an action of trespass to try title against said Nic Lambrecht, defendant, and an answer therein by the said Nic Lambrecht, setting up the character of his title claimed in said case, as well as an agreement of the parties as to the issues to be determined therein, and the judgment of the 55th judicial district court awarding to the plaintiffs therein, N. B. Knight and Andral Van, as administrators of the estate of Francis A. Ogden, deceased, said land and premises and claiming that the defendant, Nic Lambrecht, was estopped by said Judgment from claiming said land as against said administrators of the estate of Francis A. Ogden, deceased.

"To this last petition the defendant, Nic Lambrecht, filed his answer containing a general denial and a plea of not guilty, and specially pleading that the judgment theretofore rendered in cause No. 68003 in the 55th judicial district court was not binding and did not constitute an estoppel as against him, for the reason that the issues there made by the pleadings were abandoned before judgment, and that at the time the judgment was rendered in said cause no issue was before the court upon any of said pleadings filed by him.

"A trial was had upon the issues thus presented and resulted in a judgment upon an instructed verdict in favor of the plaintiffs, John W. Lewis and N. B. Knight, as administrators of the estate of Francis A. Ogden, deceased, against the defendant.

"Prior to the time of the judgment, the said Nic Lambrecht having died, his son, Alfred Lambrecht, and only heir was substituted therein.

"An appeal was had from this trial and the cause was transferred from this Court of Civil Appeals to the Ninth Court of Civil Appeals at Beaumont, and the cause reversed upon an opinion rendered on the 4th day of May, 1922, reported in Lambrecht v. Lewis, 240 S. W. 988.

"After the reversal of this judgment the administration in the Ogden estate was closed, and the property of said estate delivered to the plaintiffs herein, Mrs. Mary Monteith, Jessie B. Noe, Helen Cratsenberg, Mary I. Powers, Chloe O. Ray, Sarah O. Knight, Eva Jessie Binney, Mary O. Pitcher, Julia O. Russell, Gilbert W. Ogden, Charles W. Ogden, William C. Ogden, Fern Elizabeth Dodge, Gertrude Jeanette Dodge, Merrill E. Dodge, Esther O. Wills, Howard Ogden, and Viola A. Cane, as the heirs and only heirs of Francis A. Ogden, deceased, and prior to this last trial of said cause these plaintiffs were substituted as plaintiffs in said cause, and the case transferred to the 80th judicial district court, said substituting defendants adopting practically the same pleadings that are involved in the former appeal by their first amended original petition.

"The defendant, Alfred Lambrecht, filed a second amended original answer on the 11th day of December, 1920, in which he pleaded first a general denial; second, he disclaimed all interest in any of the land save and except that specially described by him, and in this connection described the land claimed by him as follows, to-wit:

"The East One-half (E. ½) of Survey Number Four (4) in Block Number Six (6) of the Washington County Railway Company, beginning at a point 737 varas north of the S. W. Upshaw original survey, and 653 varas west of the E. Lubicious original survey;

"Thence South 110 varas;

"Thence East 308 varas;

"Thence South 627 varas to the Upshaw survey;

"Thence West along the Upshaw line and extending the same 2403 varas;

"Thence North 737 varas;

"Thence East 2095 varas to the beginning, all in Harris County, Texas.

"The defendant further pleaded that in suit Number 68003 on the docket of this court, and

styled Knight et al., administrators, v. Nic Lambrecht, was filed as a suit in trespass to try title and that the defendant therein filed his second amended original answer as pleaded in the original petition of the plaintiffs herein, and that the attorney in said suit No. 68003 acting for the defendant therein, entered into a written agreement with the plaintiffs therein, which the plaintiffs plead in their original petition herein, and that the judgment pleaded by plaintiffs herein was rendered in cause Number 68003.

"The defendant denies that the judgment is a bar or an estoppel of this defendant to defend this action, as set out in this answer, by reason of the facts herein alleged.

"Defendant then alleges that no issue of title was tried in said cause and that said issues made by said pleadings were in effect withdrawn and plaintiffs permitted in that cause to take judgment without a contest, all of which is fully shown by defendants' second amended original answer.

"The cause was submitted to the jury on the 19th day of December, 1927, upon the pleadings thus made and upon a charge by way of special issues, the court submitting only two issues to the jury for their determination.

## " 'Special Issue No. I.

" 'Did or did not the attorney for Nic Lambrecht in cause No. 68003 in open court and before that trial was concluded, withdraw or abandon his pleadings and claim to the land then in question, except his plea of limitation as to the land then under fence?

" 'Answer "he did" or "he did not" as you find the facts to be.

" 'To which the jury answered, "He did not." '

## " 'Special Issue No. II.

" 'Did or did not the original survey of the Big Bodman Survey, as located by Surveyor Bringhurst, include the two tracts of land aggregating approximately 271 acres now claimed in this suit by the defendant?

" 'Answer "it did" or "it did not" as you find the facts to be.

" 'To which the jury answered "It did not." '

"On the rendition of this verdict by the jury each party made a motion for judgment in their favor, plaintiffs filing such motion on December 23, 1927, which was by the court overruled and denied and exceptions taken by the plaintiff. The defendant made motion for a judgment on the 23rd day of December, 1927, and such motion was granted and the judgment entered as the judgment of the court, in which he was awarded the land described in the judgment and a part of the land sued for.

"To this the appellees add the following:

"The blue print attached to the statement of facts marked 'Exhibit 27 D' shows a 271.8 acre tract, the land in question. This 271.8 acre tract is composed of 127.44 acres on the west end thereof and 144.4 acres, being the balance of a 222 acre tract on the east after deducting 76.5 acres which is not in dispute.

"The 127.44 acre tract awarded to Nick Lambrecht pursuant to his application of purchase filed September 4, 1917, said award being made September 20, 1917.

"On February 16, 1917, the field notes of the east half of section 6 was corrected to include 222 acres instead of 76.5 and the 222 acres, which included the 144.4 acres which was awarded by the State to Nicholas Lambrecht pursuant to a contract of sale.

"The above awards were made subsequent to the rendition of the judgment in cause 68003, which is now claimed by the appellants to be res adjudicata, the same having been rendered prior to the above mentioned award."

In this court appellants present as error the trial court's action in not granting their motion for judgment in their favor on the verdict under special issue No. 1, stating, among others in support, substantially this proposition:

"Where, in an action of trespass to try title, plaintiffs plead their title by virtue of a previous judgment obtained against the defendant and his privies for the identical land involved in such cause of action, and the defendant undertakes to defeat such former judgment as being res adjudicata, by contending that such issues were not involved in said trial, and that defendant had withdrawn his pleadings therein, and such issue is submitted by the court as a special issue, and the jury finds in favor of the former judgment, a finding by the jury upon other issues that the land claimed by plaintiff includes and embraces other lands is immaterial and directly in conflict with the finding under such special issue, and it is error for the court to enter judgment for the defendant on such finding."

We see no escape from the soundness of this contention. The Court of Civil Appeals for the Ninth District in the cited opinion upon the former appeal of this cause, reported in 240 S. W. at page 989, held the question thus submitted to be one of fact in the case; the appellees have made no attack upon the jury's answer to it as being unsupported by the evidence, so that stands here as an established fact; furthermore, the undisputed evidence shows that in the former suit No. 68003, which involved the title and possession of the same land between the privies of the same parties, Nic Lambrecht did specially plead—along with pleas of limitation, improvements in good faith, and actual occupancy under fence, affecting portions of this 271.8 acres—that he owned the whole of it by virtue of his purchase thereof in good faith from the state of Texas about 1891 under a description by which it was then, and had since been, known as survey No. 4, block No. 6, certificate No. 122, of the Washington County Railway lands.

That was the identical source of title to the same land likewise declared upon as having been acquired in the same manner by Nic Lambrecht's successors in interest, the appellees, in the present action; indeed, after admitting that such was the state of their predecessor's claim of title as reflected by the written record in cause No. 68003, they simply added the previously mentioned averments to the effect: (1) That Nic Lambrecht had before trial of that cause abandoned all his

claim to the land except one by limitation to 40 acres he held under fence; and (2) that, since the rendition of the judgment in, No. 68003, they had acquired the equitable title to this land by an award from the state of Texas acting through the Commissioner of its General Land Office.

The uncontroverted evidence also shows: That the parties in original suit No. 68003, by written stipulation, agreed that Ogden's estate owned the A. R. Bodman survey, while Nic Lambrecht owned the Washington County Railway survey No. 4, and that the only two issues involved in that cause were whether or not the 271.8 acres herein sued for was included within the boundaries of the Bodman, and whether any portion of that survey had been acquired by Nic Lambrecht under limitation; both these questions of fact were submitted to the court, which found that this land was a part of the Bodman, that no vacancy existed between it and the Upshaw, and that Nic Lambrecht had acquired title to the 40.74 acres of it he held as such under fence by limitation, rendering judgment accordingly.

It thus indisputably results from the jury's unchallenged verdict on special issue No. 1 and the other established facts recited: (1) That Nic Lambrecht did claim against appellants' privies this very land by purchase from the state as the Washington County Railway Company survey No. 4 in cause No. 68003; (2) that he did not withdraw or abandon that claim before the trial therein was concluded; and (3) that the court in that cause on the merits determined as a fact in rendering the judgment that the land so in dispute belonged to his antagonists because it was a part of the Bodman survey, which he had in writing agreed they owned. There was never any appeal from or modification of that decree, which accordingly became a finality years before this litigation was instituted.

In these circumstances, those under whom the appellees hold having thus put in issue with appellants' predecessors the title to and right of possession of this land under like claim of purchase thereof by themselves from the state, and having abode by an adverse finding then made as to the indispensable facts upon which their asserted right to it was based, that determination was clearly binding upon them and their successors in interest; the latter could not therefore in this subsequent suit again litigate the same controversy against the same parties in law, by now asserting afresh that, after all, this land was not a part of the big Bodman survey but in fact absorbed a vacancy between it and the Upshaw. Nic Lambrecht v. John W. Lewis et al. (Tex. Civ. App.) 240 S. W. 988; Carnes v. Carnes, 26 Tex. Civ. App. 610, 64 S. W. 877; Haines v. West, 101 Tex. 226, 105 S. W. 1118, 130 Am. St. Rep. 839.

These conclusions require a reversal of the trial court's judgment and a decree from this court vesting the title to, and right of possession of, the land sued for by them in appellants; that order has been entered.

Reversed and rendered in appellants' favor.