## WHITE v. WHITE et al.

No. 2553.

Court of Civil Appeals of Texas. Tenth District.

Dec. 16, 1943.

Rehearing Denied Jan. 20, 1944.

See, also, 149 S.W.2d 1031.

J. S. Simkins and Taylor & McWilliams, all of Corsicana, for appellant.

Richard & A. P. Mays, of Corsicana, for appellees.

RICE, Chief Justice.

Appellant and the appellees are the children and sole surviving heirs of J. M. White and his wife, Rachel E. White, both deceased. J. M. White pre-deceased his wife and died intestate. Mrs. Rachel White departed this life on October 8, 1936.

On June 2, 1937, appellees filed a suit in the District Court of Navarro County against appellant, wherein they sought partition of a tract of 169 acres of land owned by their deceased father and mother at the time of their death. Thereupon, appellant on June 11, 1937, filed in the Probate Court of Navarro County an application to pro-

bate an instrument alleged to be the last will and testament of Mrs. Rachel White, deceased. This instrument was duly admitted to probate, without contest, by order of said Probate Court dated June 28, 1937. This order was not appealed from. Thereafter, appellant filed his answer in the partition suit pending in the District Court, setting up the will of his mother, Mrs. Rachel White, wherein he was named sole beneficiary of her estate, together with the order admitting the same to probate, and alleged that the 169 acres of land described in appellees' petition was the separate property of his mother, and hence he was the sole owner thereof. By supplemental pleadings, appellees alleged that the will of their mother was void because she, at the date of its alleged execution, lacked testamentary capacity, and also because the same was the product of undue influence practiced upon the testatrix. Appellant demurred and excepted to the pleadings of appellees seeking to attack, in the District Court, the validity of the will in question. These demurrers and exceptions were sustained by the trial court. The partition suit proceeded to trial, and on June 27, 1938, judgment was entered therein decreeing that the tract of 169 acres of land was the community property of J. M. White and his wife, Rachel, and establishing the interest of the appellant therein to be a 9/16 interest, and that of these appellees therein to be a 1/16 each. The land was adjudicated incapable of partition in kind, a receiver was appointed and directed to sell said tract of land and the proceeds of the sale were ordered to be partitioned as directed. The receiver qualified, and on December 6, 1938, filed his report in said cause to the effect that he had sold the land involved at private sale, for cash, to M. M. White (presumably one of the appellees herein) for the sum of $3,600 cash. This report was confirmed by the court by order entered on December 15, 1938, and the receiver ordered to make and deliver a deed of conveyance to the purchaser upon his compliance with the terms of the sale. This sale was never consummated. The receiver died at some date subsequent to the filing of said report and no other receiver was appointed. No exception was taken to any of the aforesaid judgments and orders of the trial court, nor was there any appeal therefrom.

After the entry of the order of partition, and on September 28, 1938, appellees here-

in filed in the Probate Court of Navarro County, in accordance with the terms of Article 5534 of the Revised Civil Statutes of the State of Texas, their contest to the alleged will of their mother theretofore admitted to probate by order of said court, making appellant herein a party defendant. The will was attacked on the grounds that the testatrix lacked mental capacity at the date it was executed, and because the same was the product of undue influence practiced on testatrix by appellant herein. The contest was denied by the Probate Court and appeal was perfected to the District Court of Navarro County. On the trial of the contest in said last-mentioned court the appellant herein presented his demurrers and took the position that the judgment of the trial court rendered in the partition suit was res adjudicata of the rights of appellees herein to contest the will of Mrs. White, and that they were estopped so to do by said partition decree. These demurrers were overruled by the trial court and trial was had of the cause to a jury. In answer to special issues submitted, the jury found that Mrs. Rachel White did not possess testamentary capacity at the time she executed the will; and that the same was the product of undue influence practiced upon her by appellant herein. Judgment was accordingly entered that the purported will was invalid and the former order of the Probate Court admitting the same to probate was set aside and cancelled. Appellant herein perfected an appeal to this court, resulting in a judgment being rendered by this court in all things affirming the judgment of the trial court. See White v. White, Tex.Civ. App., 149 S.W.2d 1031. Application for writ of error was refused.

Thereafter, and on November 12, 1942, this case was filed by appellees against appellant in the District Court of Navarro County for partition. In their original petition appellees recited the facts and proceedings hereinabove set forth, and they therein alleged that since the entry of judgment in the first partition suit, they had acquired an additional interest in the property in controversy, which interest was in nowise adjudicated in the first partition suit. In their said pleadings appellees do not allege that the judgment in the first partition suit is void, nor do they pray that same be set aside. When the cause came on for trial, the trial court entered an order consolidating it with Cause No. 19,656, the original partition suit between

the same parties still pending on the docket of said court.

For answer appellant filed a plea in abatement, wherein he urged:

"(a) That the final judgment in partition entered in Cause No. 19656 between the same parties and involving the same 169 acres of land not only became a final judgment because of no appeal therefrom, but that the appellees had fully acquiesced in and approved the same in all respects, with full knowledge of all the facts and conditions surrounding the execution of the will of Rachel E. White, and that the trial court was wholly without lawful power, authority or jurisdiction to now modify or change the terms and provisions of said judgment.

"(b) That this suit was purely a collateral attack upon said final judgment entered in said cause No. 19656, and said pleadings of appellees alleging neither fraud nor any other equitable grounds that would authorize either a collateral or direct attack upon said final judgment in said cause No. 19656, that the trial court was powerless to proceed herein, and that this suit should be abated and dismissed.

"(c) That while said cause No. 19656 was primarily instituted as a partition suit, that it finally resolved itself into a suit involving title to the 169 acres in question between the parties to said suit.

"(d) That appellees having fully acquiesced in said final judgment in cause No. 19656 and in fact prepared the same, that appellees were now estopped from seeking to modify or change the terms and provisions of said final judgment so rendered in said cause No. 19656.

"(e) That whether this suit be held to be a collateral attack or a direct attack upon said final judgment rendered and entered in said cause No. 19656, that said suit was barred by the four (4) years statute of limitation.

"(f) That all the facts surrounding the execution of the will of Rachel E. White were known to appellees at all times during the pendency of cause No. 19656 and at the time of rendition of the final judgment therein and that appellees acted with full knowledge of such conditions.

The trial court overruled appellant's plea in abatement and rendered judgment consolidating this cause (No. 22,777) with Cause No. 19,656, the original partition suit, finding the interest of the parties, plaintiff and defendant, in the land in question, decreeing that the land was incapable of partition in kind, appointed a receiver, and directed that the land be sold. From this judgment appellant has perfected his appeal.

It is the contention of appellant that the cause should be reversed and judgment rendered in his favor because, he says, the trial court was in error in overruling and not sustaining his defensive pleas of res adjudicata, estoppel by judgment, and the four-year statute of limitation (Art. 5529, R.S.).

In discussing the application of the doctrine of res adjudicata and of estoppel by judgment, the Supreme Court of the United States, in the case of State of Oklahoma v. Texas, 256 U.S. 70, 41 S.Ct. 420, 422, 65 L.Ed. 831, 834, said: "A question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties sui juris is conclusively settled by the final judgment or decree therein so that it cannot be further litigated in a subsequent suit between the same parties or their privies whether the second suit be for the same or a different cause of action." See Stephenson v. Miller-Link Lumber Co., Tex.Com.App., 277 S.W. 1039.

In further reference to said doctrine our Supreme Court, in James v. James, 81 Tex. 373, 16 S.W. 1087, 1089, said: "It is a general rule, having its foundation in sound reason, that the former judgment or litigation relied on as having adjudicated the matter, and as a bar to further proceedings, should have involved and determined the same vital issue, or that such issue, or question, should have been fairly within the scope of the pleadings." See, also, Davis v. First Nat. Bank, 139 Tex. 36, 161 S.W.2d 467, 144 A.L.R. 1; 30 Amer.Jur. pp. 927, 928, par. 182.

When the trial court sustained the demurrers and exceptions of appellant herein to that portion of the pleadings of appellees herein filed in the first partition suit, whereby they sought to question the validity of their mother's will which had theretofore been admitted to probate, the only issues then raised by the pleadings of the parties and left for the determination of the court were: (1) whether the land in question was the separate property of Mrs. White or community property of herself and her deceased husband; (2) the ques-

tion of the interest of each of the parties in said land; and (3) whether the land was capable of partition in kind. The decree of the trial court rendered in the first partition suit followed the pleadings of the parties and adjudicated their rights only in respect to the three issues above set forth. The trial court did not pass upon the vital issue as to the validity of the will of Mrs. White; that issue had necessarily passed from the case.

■ The will of Mrs. White having been admitted to probate before the first partition suit was called for trial, the trial court necessarily admitted said will, and the order probating it, in evidence as proof, which he had no right to question, that appellant herein was thereby invested with such title to and interest in the land in question as was held by Mrs. White at the time of her death. Having concluded from the evidence that the land in question was the community property of Mr. and Mrs. White, the trial court decreed that appellant herein had a 9/16 interest in said land and appellees herein had a 1/16 interest each. In reaching this conclusion, the trial court was not passing upon the validity of appellant's title under the will of his mother. This the trial court could not do because such question was within the exclusive original jurisdiction of the County Court of Navarro County.

■ A will is a means of transferring title to property. Frame v. Whitaker, 120 Tex. 53, 36 S.W.2d 149. It constitutes a muniment of title after it has been admitted to probate. Ortiz v. De Benavides, 61 Tex. 60; Hickman v. Gillum, 66 Tex. 314, 1 S.W. 339; Grigsby v. Reib, Tex.Civ. App., 139 S.W. 1027, affirmed 105 Tex. 597, 153 S.W. 1124, L.R.A.1915E, 1, Ann.Cas. 1915C, 1011. Upon the death of Mrs. White, leaving a will, her estate therein devised immediately vested in appellant herein by the terms of the instrument. March v. Huyter, 50 Tex. 243. When the will of Mrs. White was admitted to probate by a court of competent jurisdiction, her title to the land in question passed to appellant herein as the sole beneficiary therein mentioned, subject to defeasance in the event that the order probating the instrument should be thereafter set aside in a proper proceeding to contest its validity. Hardin v. Hardin, Tex.Civ.App., 66 S.W.2d 362.

In rendering the decree in the first partition suit, the trial court accepted the will of Mrs. White and the order probating

same as a muniment of title and as evidence that whatever title Mrs. White had in the land in question at the time of her death was then vested in appellant. Applying the rules of law above set forth to the facts in evidence, the court could have rendered no other decree than it did in fact render. This is true because it was without jurisdiction to pass upon any question affecting the validity of said will.

At the date of the rendition of judgment in the first partition suit, the only title to or interest in the land in question then vested in appellees herein was a 1/16 interest each as heirs of their father; the title of their mother to an undivided one-half interest therein being then vested in appellant herein by the terms of Mrs. White's probated will. After the rendition of said decree, appellees herein instituted proceedings under the authority of Article 5534 of the Revised Civil Statutes of the State, contesting the validity of said will because of the lack of testamentary capacity of the testatrix and because said instrument was the product of undue influence practiced on testatrix by appellant herein. As stated above, on a trial before a jury, appellees prevailed on both grounds of contest, and a final judgment was rendered that the purported will was invalid and that the former order admitting it to probate and record as the last will of Mrs. White was cancelled. Then, and not until then, did title to an undivided 1/8 interest in the half interest in said land owned by Mrs. White at the time of her death vest in each of these appellees as heirs of their mother under the laws of descent and distribution of this State. When such title had so vested in them, appellees instituted this proceeding for partition of such newly-acquired interest in said land. The parties to this suit are the same as those in the first partition suit. The land in question, the subject matter of both proceedings, remained within the jurisdiction and control of the District Court of Navarro County, in which court each of said suits was tried.

■ The title asserted by appellees in this case was acquired by them after the rendition of the decree by the trial court in the first partition suit, and such after-acquired title was not involved in any way or put in issue by any pleadings filed or testimony offered in the trial of that cause. In reference to such a state of facts, the rule of law, as stated by Black on Judgments, 2nd Ed., sec. 609, is:

"The estoppel of a judgment extends only to the facts as they were at the time the judgment was rendered, and the legal rights and relations of the parties as fixed by the facts so determined. When new facts intervene before the second suit, furnishing a new basis for the claims and defenses of the parties, respectively, the issues are no longer the same, and consequently the former judgment cannot be invoked as an estoppel."

Sec. 656: "A judgment in ejectment is not conclusive except as against defenses which might have been made in the trial. It does not deprive a party of the right to acquire a new and distinct title, and, having done so, to assert it without prejudice from the former suit."

Therefore, applying the rules of law hereinabove set forth, the judgment rendered in the first partition suit could not afford the basis for an estoppel, or be res adjudicata, as to the title to said land subsequently vested in these appellees as heirs of their mother when a final judgment of a court of competent jurisdiction was rendered declaring Mrs. White's purported will to be a nullity. Black on Judgments, 2nd Ed., secs. 609, 656; Houston Oil Co. v. Stepney, Tex.Civ.App. 187 S.W. 1078; Easterwood v. Dunn, 19 Tex.Civ.App. 320, 47 S.W. 285; Wooters v. Hale, 67 Tex. 513, 515, 3 S.W. 725; Lambrecht v. Lewis, Tex.Civ.App., 240 S.W. 988; 26 T. J., sec. 376; Parker v. Stephens, Tex.Civ. App., 48 S.W. 878, point p. 881; R. B. Godley Lumber Co. v. C. C. Slaughter Co., Tex.Civ.App., 202 S.W. 801, point page 802; Connolly v. Hammond, 51 Tex. 635; Connoly v. Hammond, 58 Tex. 11, 21; Rogers v. Southern Pine Lbr. Co., 21 Tex. Civ.App. 48, 51 S.W. 26.

As a bar to appellees' recovery of the relief sought in their pleadings, appellant pleaded and here invokes the four years' statute of limitation (Art. 5529, R. C.S.) reading as follows: "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward."

It is appellant's position that the object of this suit is to vacate or modify the former judgment of the trial court rendered in the first partition proceeding, and therefore the bar raised by said article is applicable.

More than four years elapsed between the rendition of judgment, on June 27, 1938, in the first partition suit and the filing of this suit on November 12, 1942.

In our opinion, Article 5529, R.S., is not applicable to this proceeding. Appellees did not plead that said former judgment was void, nor do they, by their pleadings, seek to modify the terms of said judgment. This proceeding is brought by appellees for the purpose of causing to be partitioned among the interested parties an interest in the land in question acquired by them after the rendition of said former judgment. Appellees' cause of action did not accrue until a final judgment of a court of competent jurisdiction was rendered that the purported will of Mrs. White and the order admitting same to probate were void. When said judgment became final, and not until then, did title vest in appellees as heirs of their deceased mother to an undivided interest in the land owned by Mrs. White at the time of her death. Appellees' cause of action did not accrue until title to such additional interest was thus vested in them. Until then they had no legal right on which to predicate this suit.

For the reasons heretofore stated, each of appellant's assignments of error is overruled and the judgment of the trial court is in all things affirmed.